1   John P. Zaimes (SBN 91933)
    jzaimes@reedsmith.com
2   John H. Lien (SBN 222842)
    jlien@reedsmith.com
3   REED SMITH LLP
    355 South Grand Avenue, Suite 2900
4   Los Angeles, CA  90071-1514
    Telephone:  +1 213 457 8000
5   Facsimile:   +1 213 457 8080

6   Attorneys for Defendant
    Vector Marketing Corporation

**E-filing**

*FILED*

*NOV 17 2008*

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7

8                       UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

*EMC*

10

11  ALICIA HARRIS, as an individual and on
    behalf of all others similarly situated,        **CV  08      5198**

12                                                  **NOTICE OF REMOVAL OF CIVIL**
                    Plaintiffs,                      **ACTION UNDER 28 U.S.C. §§ 1331,**
13                                                  **1332 AND 1441**

14              vs.

15  VECTOR MARKETING
    CORPORATION, a Pennsylvania
16  corporation; and DOES 1 through 20,
    inclusive,

17                  Defendants.

18

19          **TO THE CLERK OF THE COURT**:

20          **PLEASE TAKE NOTICE** that defendant Vector Marketing Corporation

21  hereby removes to this Court the state action described below.

22

23              **FACTUAL AND PROCEDURAL BACKGROUND**

24          1.      On October 15, 2008, plaintiff Alicia Harris filed a complaint for

25  damages ("Complaint") against defendant in the Superior Court of the State of

26  California for the County of San Francisco, entitled <u>Alicia Harris v. Vector Marketing</u>

27  <u>Corporation and Does 1 through 20, inclusive</u>, Case No. CGC-08-480874 (hereinafter,

28  the "State Court Action").  (A true and correct copy of the Complaint in the State

– 1 –

NOTICE OF REMOVAL OF CIVIL ACTION

FAXED

1   Court Action is attached hereto as Exhibit 1.)

2       2.      Plaintiff served defendant with copies of the Summons, Complaint, and
3   the Civil Case Cover Sheet in the State Court Action on October 16, 2008. (True and
4   correct copies of the Summons and the Service of Process Transmittal from
5   defendant's registered agent for service of process are attached collectively hereto as
6   Exhibit 2.)

7       3.      On October 16, 2008, plaintiff also caused defendant to be served in the
8   State Court Action with a Notice of Case Management Conference and Alternative
9   Dispute Resolution Information Package. (A true and correct copy of the Notice of
10  Case Management Conference and Alternative Dispute Resolution Information
11  Package, as served by plaintiff in the State Court Action, is attached hereto as Exhibit
12  3.)

13      4.      On November 17, 2008, defendant filed and served its Answer and
14  Affirmative Defenses ("Answer") to the Complaint in the State Court Action. (A true
15  and correct copy of this Answer is attached hereto as Exhibit 4.)

16      5.      There have been no further proceedings in the State Court Action, and no
17  other pleadings have been filed or served by or on plaintiff or defendant other than
18  those attached hereto as Exhibits 1-4.

19      6.      This Notice of Removal is timely in that it was filed within thirty (30)
20  days of the service of the Summons and Complaint on defendant. See 28 U.S.C.
21  § 1446(b).

22                  **SUMMARY OF THE COMPLAINT**

23      7.      Plaintiff is a former sales representative, who now asserts that she was
24  improperly classified as an independent contractor, rather than as an employee.
25  Predicated on that assertion, plaintiff further alleges eight causes of action against
26  defendant, for: (i) failure to pay wages under California Labor Code sections 201-204;
27  (ii) failure to pay minimum wages in violation of California Labor Code section 1197;
28  (iii) failure to pay minimum wages in violation of the Fair Labor Standards Act

*REED SMITH LLP*
*A limited liability partnership formed in the State of Delaware*

-2-

1  ("FLSA"); (iv) violation of California Labor Code section 226 for failure to keep and
2  provide accurate pay records; (v) violation of California Labor Code section 203 for
3  waiting time penalties; (vi) violation of California Labor Code section 450 for
4  coercing employees to patronize their employer; (vii) violation of California Labor
5  Code section 2802 for failing to indemnify for expenses and losses; and (viii)
6  violation of California Business and Professions Code section 17200, *et seq.* See
7  Exhibit 1, Complaint, Caption and ¶¶ 32, 41, 50, 59, 64, 69, 75, and 81.

8      8.    The Complaint also seeks certification of a putative class action under
9  California Code of Civil Procedure section 382. However, although plaintiff alleges a
10  cause of action under the FLSA, 29 U.S.C. § 206, the Complaint does not pled a
11  collective action on that claim.

12                          **JURISDICTION**

13      9.    This action is a civil action over which this Court has original jurisdiction
14  under 28 U.S.C. §§ 1331 and 1332. First, diversity exists between the parties because
15  this is a civil action between citizens of different states and the amount in controversy
16  exceeds $75,000. Second, the Complaint alleges a cause of action based upon the
17  FLSA, 29 U.S.C. § 206 regarding the payment of minimum wages, which presents a
18  federal question and confers supplemental jurisdiction under 28 U.S.C. § 1367, over
19  the remaining state law claims that share a common nucleus of operative facts.

20                      *DIVERSITY OF CITIZENSHIP*

21      10.   Diversity of citizenship existed at all relevant times between the parties.

22      11.   Upon information and belief, plaintiff is a citizen and resident of the
23  State of California.

24      12.   Defendant Vector Marketing Corporation is a corporation organized
25  under the laws of the State of Pennsylvania, with its principal place of business in
26  Olean, New York.

27      13.   The defendants named herein as Does 1 through 20 are fictitious.
28  Unnamed defendants sued as Does are not required to join in a removal petition, and

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  their citizenship is disregarded for purposes of removal. See 28 U.S.C. § 1441(a);

2  Newcombe v. Adolf Coors Co., 157 F.3d 686, 690-691 (9th Cir. 1998); McCabe v.

3  General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1986).

4      14.    Plaintiff's Complaint does not indicate an amount of claimed damages,

5  but was filed as an unlimited civil action. Defendant alleges, based on information

6  and belief, and for the purposes of this removal only, that it is facially apparent from

7  the Complaint that plaintiff's claim for damage exceeds $75,000. In this regard,

8  Plaintiff seeks an award against defendant on behalf of a putative class of plaintiffs

9  for: (i) general damages; (ii) interest; (iii) waiting time penalties; (iv) civil penalties;

10  (v) punitive damages; and (vi) attorney fees. Exhibit 1, Complaint, Prayer for Relief.

11      15.    In cases alleging similar claims, and seeking similar types of damages

12  and fees, courts have found that the amount in controversy has been satisfied. See

13  e.g., White v. FCI USA, Inc., 319 F.3d 672, 674-675 (5th Cir. 2003) (affirming

14  district court's finding that it was "facially apparent" in a wrongful termination action

15  that the amount in controversy exceeded $75,000 when considering plaintiff's

16  "lengthy list of compensatory and punitive damages sought by [plaintiff], when

17  combined with attorney's fees"); Sanchez v. Monumental Life Ins. Co., 95 F.3d 856,

18  860 (9th Cir. 1996) (utilizing preponderance of the evidence test to prove

19  jurisdictional amount); Goldberg v. C.P.C. Int'l, Inc., 678 F.2d 1365, 1367 (9th Cir.

20  1982) (attorney fees may be taken into account to determine jurisdictional amounts);

21  Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (amount in

22  controversy requirement satisfied where plaintiff sought compensatory damages,

23  including medical expenses and lost wages; punitive and emotional distress damages;

24  injunctive relief; and attorney fees, notwithstanding that lost wages at time of removal

25  totaled only $ 25,600).

26      16.    Based on the foregoing, this action is a civil action between citizens of

27  different states, and one in which the amount in controversy, exclusive of costs and

28  interest, exceeds the sum or value of $75,000.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 4 –

### *FEDERAL QUESTION*

17.    This action also presents a federal question.

18.    As specifically pled in the Complaint, plaintiff's third cause of action alleges that defendant violated the provisions of the FLSA, 29 U.S.C. § 206, by failing to make timely minimum wage payments to plaintiff due to defendant's purported misclassification of its sales representatives as independent contractors and not employees.  In this regard, plaintiff is seeking damages, interest, attorney fees and costs.

19.    This Court has supplemental jurisdiction over plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(a) because the claims are so related and dependent upon the same facts that they form part of the same case or controversy. All of plaintiff's claims arise from the same events related to defendant's purported misclassification of its sales representatives.  In fact, plaintiff asserts in her second cause of action a companion state law claim under California Labor Code section 1197, which concerns the same issues of fact and law as plaintiff's FLSA claim(s). Moreover, all of the claims asserted in the Complaint, including the FLSA claim(s), are premised upon the argument that plaintiff was an "employee" of defendant.

20.    To the extent that the remaining state claims are deemed to be independent and separable from plaintiff's FLSA claim(s), this Court may assert jurisdiction pursuant to 28 U.S.C. § 1441(c).  Because the state law claims share the same common issues and facts as plaintiff's FLSA claim(s), and no state law issues predominate, the exercise of supplemental jurisdiction under 28 U.S.C. § 1441(c) is appropriate.

### **VENUE**

21.    The United States District Court for the Northern District of California is the judicial district that embraces the place where the Superior Court action was filed by plaintiff, and it is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

* * *

WHEREFORE, because complete diversity exists between plaintiff and defendant, because the amount in controversy exceeds the jurisdictional amount for removal, and because the Complaint also presents a federal question, this Court is vested with subject matter jurisdiction over this matter and the action is removable to this Court for those reasons under 28 U.S.C. §§ 1331, 1332 and 1441.

Dated: November 17, 2008

REED SMITH LLP

By
John P. Zaimes
Attorneys for Defendant
Vector Marketing Corporation

US_ACTIVE-100782440.2

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 6 –
NOTICE OF REMOVAL OF CIVIL ACTION

**Exhibit 1**

PAGE 05/06
P.03

ALSSI WC

COPY

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2008 OCT 15 AM 11: 53

GORDON PARK - LI. CLERK

BY: _____
D. STEPPE
DEPUTY CLERK

1  DANIEL H. CHANG (State Bar No. 183803)
2  CRAIG S. HUBBLE (State Bar No. 200789)
   LARRY W. LEE (State Bar No. 228175)
3  DIVERSITY LAW GROUP, A Professional Corporation
   444 S. Flower Street
4  Citigroup Center · Suite 1370          CASE MANAGEMENT CONFERENCE SET
   Los Angeles, California 90071
5  (213) 488-6555
6  (213) 488-6554 facsimile                MAR 2 0 2009 -9:00 AM        **File by Fax**
7  Attorneys for Plaintiff Alicia Harris    DEPARTMENT 212
8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                  FOR THE COUNTY OF SAN FRANCISCO

10  ALICIA HARRIS, as an individual and on        Case No. **CGC-08-480874**
11  behalf of all others similarly situated,
                                                  **CLASS ACTION**
12              Plaintiffs,
                                                  **CLASS ACTION COMPLAINT FOR**
13       vs.                                      **DAMAGES AND INJUNCTIVE RELIEF**
                                                  **FOR:**
14  VECTOR MARKETING CORPORATION, a
    Pennsylvania corporation; and DOES 1          (1) **FAILURE TO PAY WAGES;**
15  through 20, inclusive,
                                                  (2) **FAILURE TO PAY MINIMUM**
16              Defendants.                            **WAGES IN VIOLATION OF LABOR**
                                                      **CODE § 1197;**
17
                                                  (3) **FAILURE TO PAY MINIMUM**
18                                                    **WAGES IN VIOLATION OF FAIR**
                                                      **LABOR STANDARDS ACT, 29 U.S.C.**
19                                                    **§ 206;**
20                                                (4) **VIOLATION OF LABOR CODE §**
21                                                    **226;**
22                                                (5) **VIOLATION OF LABOR CODE §**
                                                      **203;**
23
                                                  (6) **VIOLATION OF LABOR CODE §**
24                                                    **450;**
25                                                (7) **VIOLATION OF LABOR CODE §**
                                                      **2802;**
26
                                                  (8) **UNFAIR BUSINESS PRACTICES**
27                                                    **(Violation of California Business &**
                                                      **Professions Code §17200 et seq.).**
28
                                                  DEMAND FOR JURY TRIAL

                                        1

            CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Ex. 1, Pg. 7

Plaintiff Alicia Harris (hereinafter referred to as "Plaintiff"), hereby submits this Class Action Complaint against Defendant Vector Marketing Corporation and Does 1-20 (hereinafter collectively referred to as "DEFENDANTS") on behalf of themselves and the class of all other similarly situated current and former employees and common law employees of DEFENDANTS, as follows:

## INTRODUCTION

1.  This class action is within the Court's jurisdiction under California Labor Code §§ 201-204, 226, 450, 2802, 1197, California Business and Professions Code § 17200, et seq., (Unfair Practices Act), and the Fair Labor Standards Act 29 U.S.C. § 206 ("FLSA").

2.  This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code, Business and Professions Code and the FLSA against employees of DEFENDANTS.

3.  Plaintiff is informed and believes and based thereon alleges DEFENDANTS, joint and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in paying all benefits owed to them, failure to pay final wages pursuant to the Labor Code, and failure to keep proper records in violation of the Labor Code.

4.  Plaintiff is informed and believes and based thereon alleges DEFENDANTS have engaged in, among other things a system of willful violations of the California Labor Code, Business and Professions Code, applicable IWC wage orders, and the FLSA by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

5.  The policies, practices and customs of defendants described above and below have resulted in unjust enrichment of DEFENDANTS and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code, Business and Professions Code, and the FLSA.

## JURISDICTION AND VENUE

6.  The Court has jurisdiction over the violations of the California Labor Code §§ 201-

2

1  204, 226, 450, 2802 and 1197, California <u>Business and Professions Code</u> § 17200, et seq.,

2  (Unfair Practices Act), and the FLSA.

3      7.  Venue is proper because the DEFENDANTS do business in the State of California,

4  they did not list a principle place of business in California with the California Secretary of State,

5  and their principle place of business is in New York.

6                                **PARTIES**

7      8.  Plaintiff ALICIA HARRIS was employed by DEFENDANTS until on or about July

8  21, 2008. Plaintiff was a victim of the policies, practices and customs of DEFENDANTS

9  complained of in this action in ways that have deprived her of the rights guaranteed to her by

10  California <u>Labor Code</u> §§ 200-204, 226, 450, 2802 and 1197 and California <u>Business and</u>

11  <u>Professions Code</u> §17200, et seq., (Unfair Practices Act), and the FLSA.

12      9.  Plaintiff is informed and believes and based thereon alleges Defendants were and

13  are corporations doing business in the State of California with its principal place of business

14  located in Olean, New York that operate a marketing business selling knives to the general

15  public.

16

17      10.  Plaintiff is informed and believes and based thereon alleges that at all times herein

18  mentioned DEFENDANTS and DOES 1 through 20, are and were corporations, business

19  entities, individuals, and partnerships, licensed to do business and actually doing business in the

20  State of California.

21      11.  As such, and based upon all the facts and circumstances incident to

22  DEFENDANTS' business in California, DEFENDANTS are subject to California <u>Labor Code</u>

23  §§ 200-204, 226, 450, 2802 and 1197 and California <u>Business and Professions Code</u> §17200, et

24  seq., (Unfair Practices Act), and the FLSA.

25      12.  Plaintiff does not know the true names or capacities, whether individual, partner

26  or corporate, of the DEFENDANTS sued herein as DOES 1 through 20, inclusive, and for that

27  reason, said DEFENDANTS are sued under such fictitious names, and Plaintiff prays leave to

28  amend this complaint when the true names and capacities are known. Plaintiff is informed and

3

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**      Ex. 1; Pg. 9

1  believe and based thereon alleges that each of said fictitious DEFENDANTS were responsible in

2  some way for the matters alleged herein and proximately caused Plaintiff and members of the

3  general public and class to be subject to the illegal employment practices, wrongs and injuries

4  complained of herein.

5        13.    At all times herein mentioned, each of said DEFENDANTS participated in the

6  doing of the acts hereinafter alleged to have been done by the named DEFENDANTS; and

7  furthermore, the DEFENDANTS, and each of them, were the agents, servants and employees of

8  each of the other DEFENDANTS, as well as the agents of all DEFENDANTS, and at all times

9  herein mentioned, were acting within the course and scope of said agency and employment.

10       14.    Plaintiff is informed and believe and based thereon alleges that at all times

11 material hereto, each of the DEFENDANTS named herein was the agent, employee, alter ego

12 and/or joint venturer of, or working in concert with each of the other co-DEFENDANTS and was

13 acting within the course and scope of such agency, employment, joint venture, or concerted

14 activity. To the extent said acts, conduct, and omissions were perpetrated by certain

15 DEFENDANTS, each of the remaining DEFENDANTS confirmed and ratified said acts,

16 conduct, and omissions of the acting DEFENDANTS.

17

18       15.    At all times herein mentioned, DEFENDANTS, and each of them, were members

19 of, and engaged in, a joint venture, partnership and common enterprise, and acting within the

20 course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

21       16.    At all times herein mentioned, the acts and omissions of various DEFENDANTS,

22 and each of them, concurred and contributed to the various acts and omissions of each and all of

23 the other DEFENDANTS in proximately causing the injuries and damages as herein alleged. At

24 all times herein mentioned, DEFENDANTS, and each of them, ratified each and every act or

25 omission complained of herein. At all times herein mentioned, the DEFENDANTS, and each of

26 them, aided and abetted the acts and omissions of each and all of the other DEFENDANTS in

27 proximately causing the damages as herein alleged.

28

## CLASS ACTION ALLEGATIONS

**17.     Definition:** The named individual Plaintiff brings this action on behalf of herself and the class pursuant to California Code of Civil Procedure § 382. The Class consists of all individuals who worked for DEFENDANTS in the State of California as "Sales Representatives" from October 15, 2004 through the present (hereinafter referred to as the "Class Members").

**18.     Numerosity:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the class is readily ascertainable by review of DEFENDANTS' records, including payroll records. Plaintiffs are informed and believe and based thereon allege that DEFENDANTS (a) failed to pay to Plaintiff and the class all wages, including minimum wages, earned, (b) failed to pay all earned wages in a timely manner, (c) failed to keep proper records in violation of Labor Code § 226, (d) required Plaintiff and the class to patronize Defendants' business as a term of employment, and (e) engaged in Unfair Business Practices.

**19.     Adequacy of Representation:** The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

**20.** DEFENDANTS uniformly administered a corporate policy, practice of misclassifying Plaintiff and Class Members as "independent contractors" and (a) not paying Plaintiff and the Class all wages, including minimum wages, earned, (b) failing to pay all earned wages in a timely manner, (c) failing to keep proper records in violation of Labor Code § 226, (d) requiring Plaintiff and the class to patronize Defendants' business as a term of employment, and (e) engaging in Unfair Business Practices.

**21.** Plaintiff is informed and believes and based thereon alleges this corporate conduct is accomplished with the advance knowledge and designed intent to willfully and intentionally

5

1    fail to accurately record proper rates of pay, hours worked, net wages, and deductions.

2        **22.**    Plaintiff is informed and believes and based thereon alleges DEFENDANTS had

3    a consistent and uniform policy, practice and procedure of willfully failing to comply with Labor

4    Code §§ 201-204, 450, 1197 and the FLSA. Plaintiff and other members of the Class did not

5    secret or absent themselves from DEFENDANTS, nor refuse to accept the earned and unpaid

6    wages from DEFENDANTS. Accordingly, DEFENDANTS are liable for waiting time

7    compensation for the unpaid wages to separated employees pursuant to California Labor Code §

8    203.

9        **23.**    **Common Question of Law and Fact:** There are predominant common questions

10   of law and fact and a community of interest amongst Plaintiff and the claims of the Class

11   concerning DEFENDANTS' (a) not paying Plaintiff and the Class all wages, including minimum

12   wages, earned, (b) failing to pay all earned wages in a timely manner, (c) failing to keep proper

13   records in violation of Labor Code § 226, (d) requiring Plaintiff and the class to patronize

14   Defendants' business as a term of employment, and (e) engaging in Unfair Business Practices.

15

16       **24.**    **Typicality:** The claims of Plaintiff are typical of the claims of all members of the

17   class. Plaintiff is a members of the Class and has suffered the alleged violations of California

18   Labor Code §§ 201-204, 226, 450, 1197, 2802 and the FLSA.

19       **25.**    The California Labor Code and the FLSA upon which Plaintiff bases her claims

20   are broadly remedial in nature. These laws and labor standards serve an important public interest

21   in establishing minimum working conditions and standards. These laws and labor standards

22   protect the average working employee from exploitation by employers who may seek to take

23   advantage of superior economic and bargaining power in setting onerous terms and conditions of

24   employment.

25       **26.**    The nature of this action and the format of laws available to Plaintiff and

26   members of the Class identified herein make the class action format a particularly efficient and

27   appropriate procedure to redress the wrongs alleged herein. If each employee and common law

28   employee were required to file an individual lawsuit, the corporate DEFENDANTS would

6

1   necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm
2   the limited resources of each individual plaintiff with their vastly superior financial and legal
3   resources. Requiring each class member to pursue an individual remedy would also discourage
4   the assertion of lawful claims by employees who would be disinclined to file an action against
5   their former and/or current employer for real and justifiable fear of retaliation and permanent
6   damage to their careers at subsequent employment.

7       27.     The prosecution of separate actions by the individual class members, even if
8   possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect
9   to individual class members against the DEFENDANTS and which would establish potentially
10  incompatible standards of conduct for the DEFENDANTS, and/or (b) adjudications with respect
11  to individual class members which would, as a practical matter, be dispositive of the interest of
12  the other class members not parties to the adjudications or which would substantially impair or
13  impede the ability of the class members to protect their interests. Further, the claims of the
14  individual members of the class are not sufficiently large to warrant vigorous individual
15  prosecution considering all of the concomitant costs and expenses.
16

17      28.     Such a pattern, practice and uniform administration of corporate policy regarding
18  illegal employee compensation described herein is unlawful and creates an entitlement to
19  recovery by the Plaintiff and the Class identified herein, in a civil action, for the unpaid balance
20  of the full amount unpaid wages, including interest thereon, applicable penalties, reasonable
21  attorney's fees, and costs of suit according to the mandate of California Labor Code §§ 226,
22  1194 and Code of Civil Procedure § 1021.5.

23      29.     Proof of a common business practice or factual pattern, which the named Plaintiff
24  experienced and are representatives of, will establish the right of each of the members of the
25  Plaintiff class to recovery on the causes of action alleged herein.

26      30.     The Plaintiff Class is commonly entitled to a specific fund with respect to the
27  compensation illegally and unfairly retained by DEFENDANTS. The Plaintiff Class is
28  commonly entitled to restitution of those funds being improperly withheld by DEFENDANTS.

7

1    This action is brought for the benefit of the entire Class and will result in the creation of a
2    common fund.

3                                **FIRST CAUSE OF ACTION**

4              **(AGAINST ALL DEFENDANTS BY PLAINTIFF FOR FAILURE TO**
5                                    **TO PAY WAGES)**

6         **31.**    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 as
7    though fully set for herein.

8         **32.**    This cause of action is brought pursuant to Labor Code §§ 201-204, et seq., which
9    provides that employees are entitled to wages and compensation for work performed.

10        **33.**    At all times relevant herein, Defendants were required to compensate Plaintiff and
11   the Class for all training hours worked by said individuals.

12        **34.**    As a pattern and practice, Defendants regularly misclassified their sales
13   employees as "independent contractors."  Furthermore, Defendants regularly required their
14   misclassified employees including Plaintiff and members of the class to attend mandatory
15   training sessions without the payment of any wages.  Defendants were aware of such non-
16   payment of wages.

17        **35.**    As a pattern and practice, Defendants regularly failed to pay Plaintiff and Class
18   Members proper compensation for all training hours worked.

19        **36.**    Plaintiff is informed and believes and based thereon alleges that Defendants'
20   regular business custom and practice of requiring its sales employees to attend training sessions
21   without the payment of any wages, according to the mandates of California law is, and at all
22   times herein mentioned was, in violation of California Labor Code §§ 201-204, and California
23   Industrial Welfare Commission wage order(s).  Defendants' employment policies and practices
24   wrongfully and illegally failed to compensate Plaintiff and Class Members for wages earned as
25   required by California law.

26        **37.**    The conduct of Defendants and their agents and employees as described herein
27   was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's and class
28   members' rights, and done by managerial employees of Defendants.  Plaintiff and Class

                                            8

1  Members are thereby entitled to an award of punitive damages against Defendants, in an amount

2  appropriate to punish and make an example of Defendants, and in an amount to conform to

3  proof.

4       **38.**    Plaintiff is informed and believes and based thereon alleges that Defendants

5  willfully failed to pay Class Members proper compensation for all hours worked. Plaintiff is

6  informed and believes and based thereon alleges that Defendants' willful failure to provide

7  wages due and owing them upon separation from employment results in a continued payment of

8  wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other

9  Class Members who have separated from employment are entitled to compensation pursuant to

10  Labor Code § 203.

11       **39.**    Such a pattern, practice and uniform administration of corporate policy regarding

12  illegal employee compensation as described herein is unlawful and creates an entitlement to

13  recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of wages owing,

14  including interest thereon, penalties, reasonable attorneys fees, and costs of suit.

15  **SECOND CAUSE OF ACTION**

16  **(AGAINST ALL DEFENDANTS BY PLAINTIFF FOR FAILURE TO**

17  **TO PAY MINIMUM WAGES)**

18       **40.**    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39 as

19  though fully set for herein.

20       **41.**    This cause of action is brought pursuant to Labor Code § 1197, which provides

21  that employees are entitled to minimum wages and compensation for work performed.

22       **42.**    At all times relevant herein, Defendants were required to compensate Plaintiff and

23  the Class for all training hours worked by said individuals.

24       **43.**    As a pattern and practice, Defendants regularly misclassified their sales

25  employees as "independent contractors." Furthermore, Defendants regularly required their

26  misclassified employees including Plaintiff and members of the class to attend mandatory

27  training sessions without the payment of any wages, including minimum wages. Defendants

28  were aware of such non-payment of wages.

9

1    **44.** As a pattern and practice, Defendants regularly failed to pay Plaintiff and Class
2  Members minimum wage compensation for all training hours worked.

3    **45.** Plaintiff is informed and believes and based thereon alleges that Defendants'
4  regular business custom and practice of requiring its sales employees to attend training sessions
5  without the payment of minimum wages, according to the mandates of California law is, and at
6  all times herein mentioned was, in violation of California Labor Code § 1197, and California
7  Industrial Welfare Commission wage order(s). Defendants' employment policies and practices
8  wrongfully and illegally failed to compensate Plaintiff and Class Members for minimum wages
9  earned as required by California law.

10   **46.** The conduct of Defendants and their agents and employees as described herein
11 was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's and class
12 members' rights, and done by managerial employees of Defendants. Plaintiff and Class
13 Members are thereby entitled to an award of punitive damages against Defendants, in an amount
14 appropriate to punish and make an example of Defendants, and in an amount to conform to
15 proof.

16   **47.** Plaintiff is informed and believes and based thereon alleges that Defendants
17 willfully failed to pay Class Members minimum wages for all hours worked. Plaintiff is
18 informed and believes and based thereon alleges that Defendants' willful failure to provide
19 wages due and owing them upon separation from employment results in a continued payment of
20 wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other
21 Class Members who have separated from employment are entitled to compensation pursuant to
22 Labor Code § 203.

23   **48.** Such a pattern, practice and uniform administration of corporate policy regarding
24 illegal employee compensation as described herein is unlawful and creates an entitlement to
25 recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of wages owing,
26 including interest thereon, penalties, reasonable attorneys fees, and costs of suit.

27                    **THIRD CAUSE OF ACTION**

28       **(AGAINST ALL DEFENDANTS BY PLAINTIFF FOR FAILURE TO**

10

**TO PAY MINIMUM WAGES)**

**49.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 48 as though fully set for herein.

**50.** This cause of action is brought pursuant to 29 U.S.C. § 206, which provides that employees are entitled to minimum wages and compensation for work performed.

**51.** At all times relevant herein, Defendants were required to compensate Plaintiff and the Class for all training hours worked by said individuals.

**52.** As a pattern and practice, Defendants regularly misclassified their sales employees as "independent contractors." Furthermore, Defendants regularly required their misclassified employees including Plaintiff and members of the class to attend mandatory training sessions without the payment of any wages, including minimum wages. Defendants were aware of such non-payment of wages.

**53.** As a pattern and practice, Defendants regularly failed to pay Plaintiff and Class Members minimum wage compensation for all training hours worked.

**54.** Plaintiff is informed and believes and based thereon alleges that Defendants' regular business custom and practice of requiring its sales employees to attend training sessions without the payment of minimum wages, according to the mandates of Federal law is, and at all times herein mentioned was, in violation of 29 U.S.C. § 206. Defendants' employment policies and practices wrongfully and illegally failed to compensate Plaintiff and Class Members for minimum wages earned as required by Federal law.

**55.** The conduct of Defendants and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's and class members' rights, and done by managerial employees of Defendants. Plaintiff and Class Members are thereby entitled to an award of punitive damages against Defendants, in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

**56.** Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay Class Members minimum wages for all hours worked. Plaintiff is

11

1  informed and believes and based thereon alleges that Defendants' willful failure to provide

2  wages due and owing them upon separation from employment results in a continued payment of

3  wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and other

4  Class Members who have separated from employment are entitled to compensation pursuant to

5  Labor Code § 203.

6      Such a pattern, practice and uniform administration of corporate policy regarding illegal

7  employee compensation as described herein is unlawful and creates an entitlement to recovery

8  by Plaintiff in a civil action, for the unpaid balance of the full amount of wages owing, including

9  interest thereon, penalties, reasonable attorneys fees, and costs of suit.

10                    **FOURTH CAUSE OF ACTION**

11        **VIOLATION OF LABOR CODE § 226 REGARDING RECORDKEEPING**

12                    **(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

13      **57.**    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 56 as

14  though fully set for herein.

15      **58.**     Defendants failed in their affirmative obligation to keep and provide accurate pay

16  records of Plaintiff and the Class, in violation of Labor Code § 226.

17      **59.**    For example, as a matter of policy and practice, among the violations of Labor

18  Code § 226, Defendants failed to keep and provide accurate records of Plaintiff's and the class

19  members' rates of pay, net wages earned, daily or weekly pay, deductions, and taxes being

20  withheld.

21      **60.**    As a matter of uniform policy and practice, Defendants failed in their affirmative

22  obligation to keep and provide accurate records regarding the wages earned in pay periods of

23  their California employees.

24      **61.**    Such a pattern, practice and uniform administration of corporate policy as

25  described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class

26  identified herein, in a civil action, for all damages and/or penalties pursuant to Labor Code §

27  226, including interest thereon, penalties, reasonable attorney's fees, and costs of suit according

28  to the mandate of California Labor Code § 226.

12

62.     Defendants' wrongful and illegal conduct in failing to accurately record and provide all information in accordance with <u>Labor Code</u> § 226 despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff and all members of the class in that the Defendants will continue to violate these California laws, represented by labor statutes, unless specifically ordered to comply with same.  This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law.  Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

### FIFTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 203

### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

63.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 62 as though fully set for herein.

64.     At all times relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion at the end of employment pursuant to California <u>Labor Code</u> §§ 201 to 204.

65.     As a pattern and practice, Defendants regularly failed to pay Plaintiff and class members their final wages pursuant to Labor Code §§ 201 to 204 and accordingly owe waiting time penalties pursuant to Labor Code § 203.

66.     The conduct of Defendants and their agents and employees as described herein was willfully done in violation of Plaintiff's and class members' rights, and done by managerial employees of Defendants.

67.     Plaintiff is informed and believes and based thereon alleges Defendants' willful failure to pay wages earned, including minimum wages, due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and class members who have separated from

13

1  employment are entitled to compensation pursuant to Labor Code § 203.

2  ## SIXTH CAUSE OF ACTION

3  ## VIOLATION OF LABOR CODE § 450

4  ## (AGAINST ALL DEFENDANTS BY PLAINTIFF)

5  **68.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 67 as
6  though fully set for herein.

7  **69.** This cause of action is brought pursuant to Labor Code § 450 which prohibits
8  employers from compelling or coercing its employees to patronize the employer's business for
9  the purchase of anything of value.

10  **70.** As a pattern and practice, Defendants regularly compelled its employees to
11  patronize Defendants' business, namely, to compel its employees to purchase a set of knives
12  from Defendants for use as part of their work.

13  **71.** Defendants have a uniform corporate pattern and practice and procedure regarding
14  the above practices in violation of Labor Code § 450.

15
16  **72.** The conduct of Defendants and their agents and employees as described herein
17  was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's and class
18  members' rights, and done by managerial employees of Defendants. Plaintiff and class members
19  are thereby entitled to an award of punitive damages against Defendants, in an amount
20  appropriate to punish and make an example of Defendants, and in an amount to conform to
21  proof.

22  **73.** Such a pattern, practice and uniform administration of corporate policy regarding
23  illegal employee compensation as described herein is unlawful and creates an entitlement to
24  recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of damages
25  owed, including interest thereon, penalties, attorneys fees, and costs of suit according to the
26  mandate of California Labor Code § 450 *et seq*.

27

28

14

## SEVENTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 2802

### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

74. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 73 as though fully set for herein.

75. This cause of action is brought pursuant to Labor Code § 2802 which provides that employees are entitled to be indemnified for expenses and losses in discharging the duties of their employers.

76. As a pattern and practice, Defendants regularly failed to reimburse and indemnify Plaintiff and class members for work related expenses and losses.

77. Defendants had a uniform corporate pattern and practice and procedure regarding the above practices in violation of Labor Code § 2802.

78. The conduct of Defendants and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's and class members' rights, and done by managerial employees of Defendants. Plaintiff and class members are thereby entitled to an award of punitive damages against Defendants, in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

79. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys fees, and costs of suit according to the mandate of California Labor Code § 2802, et seq.

## EIGHTH CAUSE OF ACTION

### VIOLATIONS OF BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.

### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

80. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 79 as

15

1 though fully set for herein.

2    **81.**    Defendants, and each of them, have engaged and continue to engagé in unfair and
3 unlawful business practices in California by practicing, employing and utilizing the employment
4 practices outlined above, inclusive, to wit, by (a) not paying Plaintiff and the Class all wages,
5 including minimum wages, earned, (b) failing to pay all earned wages in a timely manner, (c)
6 failing to keep proper records in violation of Labor Code § 226, and (d) requiring Plaintiff and
7 the class to patronize Defendants' business as a term of employment.

8    **82.**    Defendants' utilization of such unfair and unlawful business practices constitutes
9 unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

10    **83.**    Plaintiff seeks, on her own behalf, on behalf of other members of the class
11 similarly situated, and on behalf of the general public, full restitution of monies, as necessary and
12 according to proof, to restore any and all monies withheld, acquired and/or converted by the
13 Defendants by means of the unfair practices complained of herein.

14
15    **84.**    Plaintiff seeks, on her own behalf, on behalf of other members of the class
16 similarly situated, and on behalf of the general public, an injunction to prohibit Defendants from
17 continuing to engage in the unfair business practices complained of herein.

18    **85.**    The acts complained of herein occurred within the last four years preceding the
19 filing of the complaint in this action.

20    **86.**    Plaintiffs are informed and believe and based thereon allege that at all times
21 herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices,
22 as proscribed by California Business and Professions Code § 17200 et seq., including those set
23 forth herein above thereby depriving Plaintiff and other members of the general public the
24 minimum working condition standards and conditions due to them under the California laws and
25 Industrial Welfare Commission wage orders as specifically described therein.

26                              **PRAYER FOR RELIEF**

27    WHEREFORE, Plaintiff prays for judgment for themselves and all others on whose behalf
28 this suit is brought against Defendants, jointly and severally, as follows:

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1.  For an order certifying the proposed Class and all subclasses;

2.  For an order appointing Plaintiff as the representative of the Class and/or any subclasses;

3.  For an order appointing Counsel for Plaintiff as Class counsel;

4.  Upon the First Cause of Action, for damages or penalties pursuant to statute as set forth in California Labor Code §§ 201-204, and for costs and attorney's fees, and for waiting time wages according to proof pursuant to California Labor Code § 203;

5.  Upon the Second Cause of Action, for damages or penalties pursuant to statute as set forth in California Labor Code § 1197, and for costs and attorney's fees, and for waiting time wages according to proof pursuant to California Labor Code § 203;

6.  Upon the Third Cause of Action, for damages or penalties pursuant to statute as set forth in 29 U.S.C. § 206, and for costs and attorney's fees, and for waiting time wages according to proof pursuant to California Labor Code § 203;

7.  Upon the Fourth Cause of Action, for damages or penalties pursuant to statute as set forth in California Labor Code § 226, and for costs and attorney's fees, and for waiting time wages according to proof pursuant to California Labor Code § 203, and for costs and attorney's fees;

8.  Upon the Fifth Cause of Action, for waiting time penalties according to proof pursuant to California Labor Code § 203;

9.  Upon the Sixth Cause of Action, for consequential damages according to proof, for punitive and exemplary damages according to proof, and for waiting time wages according to proof pursuant to California Labor Code § 203;

10. Upon the Seventh Cause of Action, for consequential damages according to proof, for punitive and exemplary damages according to proof, and for waiting time wages according to proof pursuant to California Labor Code § 203

11. Upon the Eighth Cause of Action, for restitution to Plaintiff and other similarly effected members of the general public of all funds unlawfully acquired by Defendants by means

17

1    of any acts or practices declared by this Court to be in violation of Business and

2    Professions Code § 17200 et seq., for an injunction to prohibit Defendants to engage in

3    the unfair business practices complained of herein, for an injunction requiring

4    Defendants to give notice to persons to whom restitution is owing of the means by

5    which to file for restitution;

6    12.  On all causes of action for attorneys fees and costs as provided by California Labor

7    Code §§ 226, 1194 and Code of Civil Procedure § 1021.5 and the Fair Labor Standards

8    Act and for such other and further relief the Court may deem just and proper.

9

10   **Dated:  October 14, 2008**                    **DIVERSITY LAW GROUP, P.C.**

11

12                                                   **By:**

13                                                        **Larry W. Lee, Esq.**
                                                          **Attorney for Plaintiff and the Class**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1

## DEMAND FOR JURY TRIAL

2          Plaintiffs, for themselves and the class, hereby demands a jury trial as provided

3  by California law.

4

5  DATED:  October /4, 2008              DIVERSITY LAW GROUP, P.C.

6

7                                       By: _____

8                                            Larry W. Lee
                                             Attorney for Plaintiff and the Class

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**Exhibit 2**

OCT-14-2008  11:48    9253286162    ALSSI WC    9-16-08    PAGE 04/05
OCT-14-2008  11:48                                           P.02

# SUMMONS
## (CITACION JUDICIAL)

COPY

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
VECTOR MARKETING CORPORATION, a Pennsylvania
corporation; and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
ALICIA HARRIS, as an individual and on behalf of all
others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
(El nombre y dirección de la corte es):
Superior Court of California
400 McAllister Street
San Francisco, CA 94102
Civic Center Courthouse

CASE NUMBER: (Número del Caso): **CGC-08-480874**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Larry W. Lee (SBN 228175)            (213)488-6555    (213)488-6554
Diversity Law Group
444 S. Flower Street, Suite 1370
Los Angeles, CA 90071

DATE:  **OCT 1 5 2008**    GORDON PARK-LI, Clerk, by    D. STEPPE, Deputy
Fecha:                        (Secretario)              (Adjunto)

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).
**NOTICE TO THE PERSON SERVED: You are served**
[SEAL]
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
        VECTOR MARKETING
3. [✓] on behalf of (specify): CORPORATION

    under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
           [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

Ex. 2; Pg. 26

```
10/15/2008  15:33   92 260162                              PAGE  03/06
OCT-14-2008  11:51                                               P.22
                                    ALSSI WC                     CM-010
```

**COPY**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Larry W. Lee (SBN 228175)
Diversity Law Group
444 S. Flower Street, Suite 1370
Los Angeles, CA 90071

TELEPHONE NO: (213) 488-6555   FAX NO: (213) 488-6554
ATTORNEY FOR (Name): Plaintiff Alicia Harris
SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME: HARRIS v. VECTOR MARKETING CORPORATION

ENDORSED
FOR COURT USE ONLY
SAN FRANCISCO COUNTY
SUPERIOR COURT

2008 OCT 15  AM 11:53

GORDON PARK - LI, CLERK

BY:  D. STEPPE
DEPUTY CLERK

CASE NUMBER: CGC-08-480874
JUDGE:
DEPT:

File by Fax

| CIVIL CASE COVER SHEET | | Complex Case Designation | |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | Real Property | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | Enforcement of Judgment |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | Unlawful Detainer | Miscellaneous Civil Complaint |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | Miscellaneous Civil Petition |
| [ ] Professional negligence (25) | Judicial Review | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| Employment | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action (specify):  Eight (8)
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: October 14, 2008

Larry W. Lee (SBN 228175)
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

TOTAL P.22

 **CT Corporation**

**Service of Process Transmittal**
10/16/2008
CT Log Number 513980093

**TO:** Mark D Heister
Vector Marketing Corporation
1116 East State Street
Olean, NY 14760-6228

**RE:** **Process Served in California**

**FOR:** Vector Marketing Corporation (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Alicia Harris, as an individual and on behalf of all ohters similarly situated, Pltfs. vs. Vector Marketing Corporation, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Notice to Plaintiff, Attachment(s), Stipulation Form, Case Management Statement Form |
| **COURT/AGENCY:** | San Francisco County, Superior Court, CA<br>Case # CGC08480874 |
| **NATURE OF ACTION:** | Employee Litigation - Class Action - Failure to pay wages |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/16/2008 at 13:10 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Larry W. Lee<br>Diversity Law Group, A Professional Corporation<br>444 S. Flower Street<br>Citigroup Center<br>Suite 1370<br>Los Angeles, CA 90071<br>213-488-6555 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 798040493169 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / MV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Ex. 2; Pg. 28

**Exhibit 3**

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

**DATE:**   **MAR-20-2009**

**TIME:**   **9:00AM**

**PLACE:**   **Department 212**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110
no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order
without an appearance at the case management conference if the case management
statement is filed, served and lodged in Department 212
twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and
complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL
CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-
JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR
SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION
PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each
defendant along with the complaint. All counsel must discuss ADR with clients and opposing
counsel and provide clients with a copy of the Alternative Dispute Resolution Information
Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the
place of filing a written response to the complaint. You must file a written
response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

Ex. 3; Pg. 29

# Alternative Dispute Resolution (ADR) Program Information Package

# Alternatives to Trial

# There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint. (CRC 3.221(c))



**Superior Court of California
County of San Francisco**

Ex. 3; Pg. 30

## Introduction

**Did you know that most civil lawsuits settle without a trial?**

**And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?**

**These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.**

**In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.**

**ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.**

## Advantages of ADR

**ADR can have a number of advantages over a lawsuit.**

- *ADR can save time.* **A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.**

- *ADR can save money.* **Court costs, attorneys fees, and expert fees can be saved.**

- *ADR can be cooperative.* **This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.**

- *ADR can reduce stress.* **There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.**

- *ADR encourages participation.* **The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.**

- *ADR is flexible.* **The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.**

- *ADR can be more satisfying.* **For all the above reasons, many people have reported a high degree of satisfaction with ADR.**

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

# Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

   1)   Judicial Arbitration
   2)   Mediation
   3)   The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

### JUDICIAL ARBITRATION

### *Description*

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is <u>not</u> binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

## Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

# MEDIATION

## Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case.  Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions.  Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

### *Operation*

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes.  An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts.   Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties.  A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed.  If settlement is not reached through mediation, a case proceeds to trial as scheduled.

### *Private Mediation*

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation.  The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial.  Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110).  Both forms are attached to this packet.

## Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at **www.sfbar.org/mediation** or you may call BASF at 415-982-1600.

## Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

### Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $800 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

### EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

If the Court assigns a matter to the ESP, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

*********************

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

Ex. 3, Pg. 38

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
### 400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| **Plaintiff**<br><br>v.<br><br>**Defendant** | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐ **Private Mediation**      ☐ **Mediation Services of BASF**      ☐ **Judicial Mediation**
☐ **Binding arbitration**                                              Judge _____
☐ **Non-binding judicial arbitration**                                Judge _____
☐ **BASF Early Settlement Program**
☐ **Other ADR process (describe)** _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

_____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  3/06                **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one): ☐ UNLIMITED CASE (Amount demanded exceeds $25,000) ☐ LIMITED CASE (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                          Time:                     Dept.:            Div.:                Room:

Address of court (if different from the address above):

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1.  **Party or parties** (answer one):
    a. ☐ This statement is submitted by party (name):
    b. ☐ This statement is submitted jointly by parties (names):

2.  **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
    a. The complaint was filed on (date):
    b. ☐ The cross-complaint, if any, was filed on (date):

3.  **Service** (to be answered by plaintiffs and cross-complainants only)
    a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
    b. ☐ The following parties named in the complaint or cross-complaint
        (1) ☐ have not been served (specify names and explain why not):

        (2) ☐ have been served but have not appeared and have not been dismissed (specify names):

        (3) ☐ have had a default entered against them (specify names):

    c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4.  **Description of case**
    a.  Type of case in ☐ complaint ☐ cross-complaint (describe, including causes of action):

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 1 of 4

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request   ☐ a jury trial   ☐ a nonjury trial   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐ The trial has been set for *(date):*
b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐ days *(specify number):*
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☐ by the attorney or party listed in the caption   ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐ Additional representation is described in Attachment 8.

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a.  **Counsel**   ☐ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.  ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  ☐ The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d. The party or parties are willing to participate in *(check all that apply):*
    (1) ☐ Mediation
    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
    (4) ☐ Binding judicial arbitration
    (5) ☐ Binding private arbitration
    (6) ☐ Neutral case evaluation
    (7) ☐ Other *(specify):*

    e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
    f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
    g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

11. **Settlement conference**
    ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

12. **Insurance**
    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
    b. Reservation of rights: ☐ Yes ☐ No
    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

13. **Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
    ☐ Bankruptcy ☐ Other *(specify):*
    Status:

14. **Related cases, consolidation, and coordination**
    a. ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
    ☐ Additional cases are described in Attachment 14a.
    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

15. **Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

16. **Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other Issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

Previous case management orders in this case are *(check one)*:  ☐ none  ☐ attached as Attachment 21.

**22.** Total number of pages attached *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY)

_____     ▶ _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]          **CASE MANAGEMENT STATEMENT**          Page 4 of 4

Ex. 3; Pg. 43



# Superior Court of California
## County of San Francisco

**HON. DAVID BALLATI**
**PRESIDING JUDGE**

## Judicial Mediation Program

**JENIFER B. ALCANTARA**
**ADR PROGRAM ADMINISTRATOR**

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable David J. Ballati
The Honorable Anne Bouliane
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Harold E. Kahn
The Honorable Patrick J. Mahoney
The Honorable Tomar Mason
The Honorable James J. McBride

The Honorable Kevin M. McCarthy
The Honorable Marla J. Miller
The Honorable John E. Munter
The Honorable Ronald Quidachay
The Honorable A. James Robertson, II
The Honorable John K. Stewart
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated but specific request are not guaranteed. Please allow at least 30 days for scheduling. The court Alternative Dispute Resolution Program Administrator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

04/08 (ja)

**Exhibit 4**

John P. Zaimes (SBN 91933)
John H. Lien (SBN 222842)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone:    +1 213 457 8000
Facsimile:    +1 213 457 8080

Attorneys for Defendant
Vector Marketing Corporation

COUN...

NOV 1 7 2008

BY: _____
Dep. Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| ALICIA HARRIS, as an individual and on behalf of all others similarly situation,<br><br>Plaintiffs,<br><br>vs.<br><br>VECTOR MARKETING CORPORATION, etc., et al.,<br><br>Defendants. | Case No. CGC08480874<br><br>**DEFENDANT VECTOR MARKETING CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Complaint Filed:  October 15, 2008 |
| --- | --- |

1   Defendant Vector Marketing Corporation ("defendant") hereby answers the unverified

2   complaint ("Complaint") of plaintiff Alicia Harris ("plaintiff") as follows:

3

4   ## GENERAL DENIAL

5   Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure,

6   defendant denies generally and specifically each and every allegation contained in the Complaint,

7   and further denies that plaintiff has sustained damages in the sum or sums alleged, or any other sum

8   at all, by reason of any act, breach or omission by defendant.

9

10  ## AFFIRMATIVE DEFENSES

11  Defendant hereby alleges the following separate and distinct defenses and affirmative

12  defenses without conceding that defendant necessarily bears the burden of proof of persuasion:

13  ## FIRST AFFIRMATIVE DEFENSE

14  (Failure to State a Cause of Action)

15  1.   Neither the Complaint, nor any purported cause of action alleged therein, states facts

16  sufficient to constitute a cause of action upon which relief can be granted against defendant.

17  ## SECOND AFFIRMATIVE DEFENSE

18  (No Employment Relationship)

19  2.   The Complaint, and each claim alleged therein, is barred, in whole or in part, because

20  at all times relevant to this action, neither plaintiff nor any member of the putative class action or

21  collective action was an employee of defendant.

22  ## THIRD AFFIRMATIVE DEFENSE

23  (Independent Contractor)

24  3.   The Complaint, and each claim alleged therein, is barred, in whole or in part, because

25  at all times relevant to this action, plaintiff and the members of the putative class action and

26  collective action were independent contractors.

27

28

DEFENDANT VECTOR MARKETING CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S UNVERIFIED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4.    Defendant alleges on information and belief that the Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, for the reason that, by their actions, plaintiff is estopped from bringing any claim for relief against defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (Good Faith)

5.    Defendant alleges upon information and belief that any and all conduct of which plaintiff complains and which is attributed to defendant, was a just and proper exercise of management discretion on the part of defendant and was undertaken for a fair and honest reason or cause and regulated by good faith under the circumstances existing at the time.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches/Unclean Hands)

6.    The alleged claims of Plaintiff and the proposed members of the class action and/or collective action are barred, in whole or in part, by the doctrine of laches/unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

7.    Plaintiff and the proposed members of the class action and/or collective action have waived the right, by reason of their conduct and actions, to assert the claims alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

8.    Defendant alleges on information and belief that the Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the applicable statutes of limitation.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

9.    Plaintiff lacks standing to assert the Complaint or any purported cause of action alleged therein.

- 2 -

1    ### TENTH AFFIRMATIVE DEFENSE

2    (Lack of Causation)

3        10.    Plaintiff's Complaint, and all purported causes of action contained therein, are barred

4    in whole or in part because the alleged damage to plaintiff and members of the purported class was

5    not proximately caused by the alleged wrongful acts of defendant.

6    ### ELEVENTH AFFIRMATIVE DEFENSE

7    (Class Action and/or Collective Action Inappropriate)

8        11.    The Complaint, and each claim alleged therein, is barred, in whole or in part, because

9    the factual and legal requirements for sustaining a class action and/or a collective action cannot be

10    established.

11    ### TWELFTH AFFIRMATIVE DEFENSE

12    (Non-Certifiable Class)

13        12.    Defendant is informed and believes that the Complaint does not state facts sufficient

14    to certify a class pursuant to California Code of Civil Procedure Section 382, and that this action is

15    not properly brought as a class action against defendant.

16    ### THIRTEENTH AFFIRMATIVE DEFENSE

17    (Inadequacy of Class Representative)

18        13.    The named plaintiff is not a proper representative of the class she purports to

19    represent and, accordingly, this action is not properly brought as a class action.

20    ### FOURTEENTH AFFIRMATIVE DEFENSE

21    (Privilege)

22        14.    Defendant alleges upon information and belief that any recovery on the Complaint,

23    or any purported cause of action alleged therein, is barred because defendant's alleged conduct was

24    privileged and justified.

25    ### FIFTEENTH AFFIRMATIVE DEFENSE

26    (Failure to Mitigate)

27        15.    Although defendant denies that plaintiff has been damaged in any way, if it should be

28    determined that plaintiff has been damaged, then defendant alleges, based on information and belief,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   that plaintiff has failed to exercise due diligence in an effort to minimize or mitigate the alleged

2   damages that she is seeking, and defendant further alleges that, to the extent any damages could

3   have been mitigated, such sums should be deducted from any award of damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Punitive Damages Unavailable)

6       16.     The Complaint, and each of the purported causes of action contained therein, fail to

7   state facts sufficient to support a claim for relief for which punitive damages may be awarded.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Unconstitutionality of Punitive Damages)

10      17.     Although defendant denies that defendant committed or has responsibility for any act

11  that could support the recovery of punitive damages in this lawsuit. If and to the extent any such act

12  is found, recovery of punitive damages against defendant is unconstitutional under numerous

13  provisions of the United States Constitution and the California Constitution, including the Excessive

14  Fines clause of the Eighth Amendment, the Due Process Clauses of the Fifth Amendment and

15  Section 1 if the Fourteenth Amendment, the Self-Incrimination Clause of the Fifth Amendment, and

16  other provisions of the United States Constitution, and the Excessive Fines Clause of Section 17 of

17  Article I, the Due Process Clause of Section 7 of Article I, the Self-Incrimination Clause of Section

18  15 of Article I, and other provisions of the California Constitution.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(No Willfulness)

21      18.     Plaintiff and the members of the proposed class action and/or collective action are

22  barred, in whole or in part, from recovering the damages sought in the Complaint because

23  defendant's actions were not "willful."

### NINETEENTH AFFIRMATIVE DEFENSE

(Lack of Malice, Oppression or Fraud)

26      19.     If defendant perpetrated any of the acts or omissions alleged in plaintiff's Complaint,

27  and defendant in no way admits to this, the acts were undertaken without malice, oppression or

28  fraud.

- 4 -

1        **TWENTIETH AFFIRMATIVE DEFENSE**

2                    (Lack of Damages)

3        20.    Plaintiff has not suffered any damages as a result of any actions taken by defendant

4    and therefore plaintiff is barred from asserting any cause of action against defendant.

5        **TWENTY-FIRST AFFIRMATIVE DEFENSE**

6                    (Speculative Damages)

7        21.    Plaintiff cannot recover any of the damages alleged in the Complaint because such

8    damages, if any, are too speculative to be recoverable at law.

9        **TWENTY-SECOND AFFIRMATIVE DEFENSE**

10                    (Other Adequate Remedy)

11        22.    Plaintiff's claims for injunctive relief are barred because there are other adequate and

12    less drastic remedies available to plaintiff.

13        **TWENTY-THIRD AFFIRMATIVE DEFENSE**

14                    (Balancing of Hardships)

15        23.    Plaintiff is not entitled to injunctive relief because the benefit of such relief, if any, to

16    plaintiff is slight compared to the harm defendant will suffer if injunctive relief is permitted.

17        **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

18                    (Lack of Irreparable Injury)

19        24.    Plaintiff is not entitled to injunctive relief because she will not suffer any irreparable

20    injury if injunctive relief is declined.

21        **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

22                    (Due Process)

23        25.    Plaintiff's claims against defendant violate the Due Process Clauses of the United

24    States Constitution and the California Constitution.

25        **AFFIRMATIVE DEFENSES**

26                    (Other Defenses)

27        26.    To the extent not set forth herein, defendant reserves the right to assert additional

28    defenses that become available or apparent during discovery and to amend its Answer accordingly.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

WHEREFORE, defendant prays:

1. That judgment be entered in favor of defendant and against plaintiff;

2. That the Complaint be dismissed in its entirety and that plaintiff take nothing by reason thereof;

3. That defendant be awarded its costs of suit incurred herein;

4. That defendant be awarded its attorney fees to the extent provided by law;

5. That judgment be entered in favor of defendant; and

6. That defendant be granted such other relief as the Court deems just and proper.

Dated: November 17, 2008.                    REED SMITH LLP

                                   By _____
                                       John P. Zaimes
                                       Attorneys for Defendant
                                       Vector Marketing Corporation

US_ACTIVE-100777281.1

- 6 -

DEFENDANT VECTOR MARKETING CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S UNVERIFIED COMPLAINT

## PROOF OF SERVICE

1  I am a resident of the State of California, over the age of eighteen years, and not a
2  party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue,
   Suite 2900, Los Angeles, CA 90071-1514. On November 17, 2008, I served the following
3  document(s) by the method indicated below:

4
5  ### DEFENDANT VECTOR MARKETING CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S UNVERIFIED COMPLAINT

6  ☐   by transmitting via facsimile on this date from fax number +1 213 457 8080 the document(s)
       listed above to the fax number(s) set forth below. The transmission was completed before
7      5:00 PM and was reported complete and without error. The transmission report, which is
       attached to this proof of service, was properly issued by the transmitting fax machine.
8      Service by fax was made by agreement of the parties, confirmed in writing. The transmitting
       fax machine complies with Cal.R.Ct 2003(3).
9
10 ☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully
       prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I
       am readily familiar with the firm's practice of collection and processing of correspondence
11     for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that
       same day with postage thereon fully prepaid in the ordinary course of business. I am aware
12     that on motion of the party served, service is presumed invalid if the postal cancellation date
       or postage meter date is more than one day after the date of deposit for mailing in this
13     Declaration.

14 ☐   by placing the document(s) listed above in a sealed envelope(s) and by causing personal
       delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof
15     of service by the process server or delivery service will be filed shortly.

16 ☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set
       forth below.
17
18 ☐   by placing the document(s) listed above in a sealed envelope(s) and consigning it to an
       express mail service for guaranteed delivery on the next business day following the date of
       consignment to the address(es) set forth below. A copy of the consignment slip is attached to
19     this proof of service.

20 ☐   by transmitting via email to the parties at the email addresses listed below:

21 Daniel H. Chang
   Diversity Law Group
22 444 South Flower Street, Suite 1370
   Los Angeles, CA 90071
23

24         I declare under penalty of perjury under the laws of the State of California that the
25 above is true and correct. Executed on November 17, 2008, at Los Angeles, California.

26

27                        Sandra Garcia

28