UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA HARRIS, | No. C-08-5198 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |
| VECTOR MARKETING CORPORATION, | |
| Defendant. | **(Docket No. 68)** |
| _____/ | |

On August 25, 2009, Alicia Harris ("Plaintiff") filed this motion for leave to amend her complaint for the third time. Plaintiff seeks to amend the complaint to expand this putative class action from California to a nationwide class action with three (3) subclasses. Plaintiff asserts she recently discovered new facts which suggest a nationwide class. *See* Lee Decl. ¶¶ 7-13. Further, she argues that discovery is not yet complete, thus asking Vector Marketing Corporation ("Defendant") to widen the scope of discovery would not be substantially prejudicial. In contrast, Defendant argues that this motion should be governed by Rule 16 of the Federal Rules of Civil Procedure rather than Rule 15, due to the tardiness of the motion and Plaintiff's lack of diligence. Additionally, Defendant asserts that permitting the amendment would severely prejudice the defendant. This Court agrees that the proposed amendment would cause substantial prejudice and thus **DENIES** Plaintiff's motion to amend.

///

///

///

**I.   DISCUSSION**

A.   Rule 15 v. Rule 16

Under Rule 15, a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). As noted above, Defendant contends that the pending motion is governed by Rule 16, and not Rule 15. Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

The Ninth Circuit has held that a motion for leave to amend is subject to the more stringent good cause showing under Rule 16 when the proposed amendment is tardy under the court's scheduling order. *See Amerisourcebergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006). Here, Defendant has failed to demonstrate that Plaintiff's motion is untimely. The Court never set a date certain by which any motion to amend had to be filed. *See* Docket No. 24 (order). At most, it set an order by which motions for summary judgment and Plaintiff's motion for FLSA class certification had to be filed. Even if that date -- June 3, 2009 -- were the date by which any motion to amend had to be filed, the Court deferred that date (indefinitely) at the parties' status conference in May. *See* Supp. Lee Decl. Ex. B. Thus, Plaintiff's filing of the motion for leave to amend on August 25, 2009, did not violate this Court's scheduling order. Because the filing did not violate the Court's scheduling order, Rule 15, and not Rule 16, governs.

B.   Rule 15

As noted above, Rule 15 provides that leave to amend should be freely given when justice so requires. *See* Fed. R. Civ. Proc. 15(a). The Ninth Circuit has expressly stated that a court's discretion to grant or deny a motion for leave to amend is "especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987) (quoting *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980)). In determining whether to grant or deny a motion for leave to amend, the court considers whether the motion would "prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). These factors do not carry equal

2

weight; prejudice is the crucial factor. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Although there is no precise definition for prejudice under Rule 15, prejudice is generally found where the amendment would cause substantial delay in the proceedings. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (finding prejudice where the amendment would require the court to reopen discovery and delay the proceedings); *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1995) (indicating that issue is whether the amendment will cause "[e]xpense, delay, and wear and tear on individuals and companies").

This case was filed nearly one year ago. First amended and second amended complaints were filed in December 2008 and February 2009, respectively. In February 2009, trial was set pursuant to this Court's Rule 16 order for October 4, 2010, with non-expert discovery to be completed by May 17, 2010. *See* Docket No. 24 (order). No timeline has yet been set for Plaintiff's motion for class certification, even as to the California class. At the hearing on the instant motion, the Court expressed concern about the effect expansion of this suit into a nationwide class would have on the Rule 16 schedule, particularly in view of the disputes over the facts pertaining to Plaintiff's status, *see* Docket No. 71, the resulting complexity of the class certification motion in light of those disputes, and the potential multiplication of that complexity were the class expanded to a national basis.

At the hearing, Plaintiff's counsel conceded if the motion to amend were granted, given the likely scope of expanded discovery, Plaintiff would not be ready to have their Rule 23 class certification motion heard until April 2010. Yet discovery is set to close in May of 2010. This would leave virtually no time for post-certification merits discovery, which again would likely by multiplied by several fold were the class expanded to a nationwide class. Thus, the amendment would greatly expand the scope of Defendant's own investigation (*e.g.*, to evaluate their methods of training in each state or region, *see* Matheson Decl. ¶¶ 6-7), and the parties' bilateral discovery, and further would delay the proceedings and derail the Court's scheduling order.

As a final point, the Court notes the fact that Defendant's engagement in nationwide sales was easily discoverable. *See* Lien Decl., Exs. B-C. Although Plaintiff learned some information

3

about training outside of California through discovery taken in preparation for Defendant's summary judgment motion, she has not demonstrated why, through the exercise of due diligence, she could not have acquired enough information through other investigative methods to allege a nationwide practice at an earlier stage of this litigation. Although this Court's denial is based on prejudice resulting from delay that would ensue were the motion granted, it notes that the failure to demonstrate due diligence in including facts in an earlier pleading is a factor that additionally counsels in favor of denying the motion to file a third amended complaint. *See Jordan v. County of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir. 1982); *Dow Corning Corp. v. General Electric Co.*, 461 F. Supp. 519, 521 (S.D.N.Y. 1978).

## II. CONCLUSION

For the above reasons, the Court denies Plaintiff's motion to file a third amended complaint. This order disposes of Docket No. 68.

IT IS SO ORDERED.

Dated: November 4, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge