United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALICIA HARRIS,

        Plaintiff,

   v.

VECTOR MARKETING CORPORATION,

        Defendant.
_____/

No. C-08-5198 EMC

**ORDER DENYING DEFENDANT'S MOTION FOR CERTIFICATION OF ORDER DENYING SUMMARY JUDGMENT FOR INTERLOCUTORY APPEAL AND FOR STAY OF DISTRICT COURT PROCEEDINGS**

**(Docket No. 83)**

        Plaintiff Alicia Harris has filed a class action lawsuit against Defendant Vector Marketing Corporation, alleging violation of federal and state employment laws. On 9/4/2009, the Court issued an order granting in part and denying in part Vector's motion for summary judgment. *See* Docket No. 71 (order). In the order, the Court concluded that there was a genuine dispute of material fact as to whether Ms. Harris was an employee rather than an independent contractor. Vector now seeks an interlocutory appeal with respect to that order.

### I. DISCUSSION

Title 28 U.S.C. § 1292(b) provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such an order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal

hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

As the language of the statute indicates, there are three factors that a trial court considers in determining whether certification of an interlocutory appeal is appropriate: (1) whether the moving party seeks to appeal an order involving a controlling question of law; (2) whether there is substantial ground for difference of opinion on that legal question; and (3) whether an immediate appeal on that legal question may materially advance the ultimate termination of the litigation.

A.    <u>Controlling Question of Law</u>

Under 1292(b), the first consideration for a court in deciding whether to certify an interlocutory appeal is whether the order being challenged involves a controlling question of law. The Ninth Circuit has explained that "all that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). *Compare* Wright, *et al.* § 3930 (noting that "there is little doubt that a question is not controlling if the litigation would be conducted in the same way no matter how it were decided").

In the instant case, the order being challenges does involve -- as a formal matter -- a controlling question of law. The parties do not dispute that the issue of whether Ms. Harris is an employee or an independent contractor is a legal question, *see, e.g.*, *Berger Transfer & Storage v. Central States Pension Fund*, 85 F.3d 1374, 1378 (8th Cir. 1996), and clearly the issue is controlling since each of her claims is predicated on her being an employees. *See* Docket No. 71 (Order at 2) (noting that "[e]ach of the claims asserted in Ms. Harris's complaint are predicated on her being an employee").

However, courts have repeatedly stated that § 1292(b) was not meant to apply to cases in which the party opposing summary judgment had raised a genuine issue of material fact -- *i.e.*, that is not the kind of question of law that the statute is meant to cover. *See, e.g.*, *Malbrough v. Crown Equip. Corp.*, 392 F.3d 135, 136 (5th Cir. 2004) (stating that "[t]he underlying issue of whether Malbrough has presented sufficient evidence to show a 'genuine issue … [of] material fact,' and

2

thus avoid summary judgment under Fed. R. Civ. P. 56(c), is not a question of law within the meaning of § 1292(b)"); *McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) (stating that "[t]he antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case"); *Ahrenholz v. Board of Trustees*, 219 F.3d 674, 676 (7th Cir. 2000) (stating that "'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to the question whether the party opposing summary judgment had raised a genuine issue of material fact"); *S.B.L. by T.B. v. Evans*, 80 F.3d 307, 311 (8th Cir. 1996) (concluding that permission to appeal under § 1292(b) should not have been given because "there are a 'number of unresolved factual issues bearing on the framing and formulation of the legal questions'"); *Palandjian v. Pahlavi*, 782 F.2d 313, 313 (1st Cir. 1986) (noting that "the question of *whether* Massachusetts would recognize the principle of duress as tolling the statute would be a good example of a 'controlling question of law' [b]ut the question of the *extent* of such an exception is a classic example of what is not to be raised by intermediate appeals" because "[i]t resembles a 'sufficiency of the evidence' claim -- the kind of claim which an appellate court can better decide after the facts are fully developed") (emphasis added).

The instant case is one of those cases -- *i.e.*, the Court concluded that there were disputed facts about the existence and degree of each factor that should be considered in deciding whether a person is an employee or an independent contractor. Accordingly, certification under § 1292(b) is not appropriate. The case that Vector cites, *Hopkins v. Cornerstone America*, 545 F.3d 338 (5th Cir. 2008), to support its claim that it is proper to certify the issue of whether a person is an employee or independent contractor, *see* Mot. at 9-10, is distinguishable because, in that case, there were clearly no disputed facts. The precise question certified by the district court was: "'Whether, *under the undisputed facts*, Plaintiffs are employees of Defendants or independent contractors under the FLSA.'" *Id.* at 342 (emphasis added). *Compare also Estate of Escobedo v. City of Fort Wayne*, No. 1:05-CV-424-TS, 2008 U.S. Dist. LEXIS 79403, at *4-5 (N.D. Ind. Sept. 25, 2008) (concluding that "this appeal is close enough to being an 'abstract legal issue,' and will not require 'hunting through

1 the record . . . to see whether there may be a genuine issue of material fact lurking there,' because
2 the Plaintiff's arguments are based on legal interpretations of Fourth Amendment and due process
3 rulings, not disputes over genuine issues of material fact").

B. <u>Substantial Ground for Difference of Opinion</u>

In the attempt to avoid the fact the challenged order does not involve a controlling question of law (for purposes of § 1292(b)), Vector argues that, even under Ms. Harris's version of the facts, she would still be an independent contractor as a matter of law. The Court, however, specifically held to the contrary in its order denying summary judgment, and Vector never moved for reconsideration of that order.

Even if the Court were to entertain Vector's argument on the merits, it would not be persuaded. As noted above, the second consideration for a court in deciding whether to certify an interlocutory appeal is whether there is a substantial ground for difference of opinion with respect to the legal question at issue. The rationale underlying this consideration is that, "[i]f the law is clear and there is no question that the district court's order is correct as a matter of law, there is no purpose in appealing the ruling." Moore's § 203.31[4]. Vector contends that there is a substantial ground for difference of opinion, citing cases in which a court deemed a plaintiff an independent contractor instead of an employee. The problem for Vector is that none of these cases is on point because they involve materially different facts.

In the instant case, the evidence -- viewed in the light most favorable to Ms. Harris -- reflects as follows: (1) she did not have the ability to set prices on the Cutco products; (2) she could be paid not only on a commission basis but also on a "qualified sales presentation" basis (which could be analogized to payment on a piece rate basis); (3) she was required to report daily to her managers; (4) she was instructed to follow the training manual word-for-word; and (5) the three-day training was mandatory. None of the cases cited by Vector is, as a factual matter, on all fours with the instant case. *See, e.g.*, *Aparacor, Inc. v. United States*, 556 F.2d 1004, 1006-18 (Ct. Cl. 1977); *Mary Kay, Inc. v. Woolf*, 146 S.W.3d 813 (Tex. Ct. App. 2004). The facts listed above are material, and Vector's counsel admitted that these facts (taken as true for purposes of summary judgment) present a unique case that is different from those cases which Vector cites. Therefore, the cases relied upon

by Vector cannot be said to establish a substantial ground for difference of opinion with respect to the decision reached by the Court in the instant case.

The Court also notes that many of the cases cited by Vector apply non-California law and/or tax law[1] and that some of the cases are distinguishable on other grounds as well -- *e.g.*, because they did not address the precise question of whether or not a person was an employee instead of an independent contractor or because they applied a different test than the common law test for whether a person is an employee or an independent contractor. *See, e.g.*, *May Kay, Inc. v. Department of Revenue*, No. TC 4552, 2003 WL 21221859 (Or. Tax. Ct. May 15, 2003) (stating that it was a *stipulated fact* that "[c]onsultants are independent contractors"); *Graham v. Mary Kay, Inc.*, 25 S.W.3d 749, 756 (Tex. Ct. App. 2000) (stating that, "[w]ithout a showing of affirmative action by Mary Kay which led plaintiff to believe its beauty consultants were its employees, Mary Kay not liable for the torts of its independent contractors"); *Mary Kay v. Isbell*, 338 Ark. 556, 558, 561 (1999) (simply noting that, "[a]s a consultant, Isbell was denominated an independent contractor" and that "Mary Kay [had] entered into a written agreement with Isbell so that Isbell, as an independent contractor, could use Mary Kay's trademark and name to sell its products as provided by their agreement"); *Sarah Coventry, Inc. v. Caldwell*, 243 Ga. 429, 431-32 (1979) (stating that since a Georgia statute "defines 'wages,' and does so without reference to the status of the parties (i.e., employer-employee versus independent contractor), the statutory definition of 'wages,' rather than common-law principles, must be used").

As this Court held, the facts and all inferences viewed therefrom in Ms. Harris's favor do not establish an independent contractor relationship. Vector has cited no California or federal case establishing that, based on these assumed facts, there is a substantial ground for difference on opinion on this point.

---

[1] *Cf.* Docket No. 49 (Matheson Decl., Ex. L) (IRS letter, dated 11/20/2008) (concluding that person working for Vector would not be considered an employee for federal employment tax purposes and that person would be considered instead as a direct seller under the IRS Code; adding, however, that the IRS Code "is not necessarily used in determining a worker's status for the purpose of worker's compensation, pension eligibility or wage and hour laws").

5

C. <u>Materially Advance Ultimate Termination of Litigation</u>

The final consideration for a court in determining whether to certify an interlocutory appeal is whether an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 2929(b). The Ninth Circuit has indicated that this factor is satisfied when resolution of the legal question "may *appreciably* shorten the time, effort, or expense of conducting a lawsuit." *In re Cement Antitrust Litig.*, 673 F.2d at 1027 (emphasis added); Moore's § 203.31[3] (noting that "[courts] look for a 'controlling' question that has the potential of substantially accelerating disposition of the litigation"). As noted at the hearing, this Court intends to resolve the question of Ms. Harris's status as employee versus independent contractor on an expedited basis, possibly in the context of class certification which the Court may advance. Hence, the delay from an interlocutory appeal could well far exceed the time it takes to resolve this issue and possibly this case.

## II. CONCLUSION

For the foregoing reasons, the Court denies Vector's motion for certification.

This order disposes of Docket No. 83.

IT IS SO ORDERED.

Dated: November 20, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

6