UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA HARRIS, | No. C-08-5198 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |
| VECTOR MARKETING CORPORATION, | |
| Defendant. | **(Docket No. 102)** |

Currently pending before the Court is Plaintiff Alicia Harris's motion for leave to file a third amended complaint. Ms. Harris seeks leave to make two amendments: (1) to drop her cause of action for failure to pay wages (because it is duplicative of another claim for failure to pay minimum wages) and (2) to add to her existing PAGA claim new predicate labor violations. Defendant Vector Marketing Corp. does not oppose the first amendment but does oppose the second.

Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS** in part and **DENIES** in part Ms. Harris's motion. More specifically, Ms. Harris has leave to make the first amendment but not the second.

## I. FACTUAL & PROCEDURAL BACKGROUND

Ms. Harris initiated this lawsuit in state court on October 15, 2008. *See* Docket No. 1 (complaint). Her original complaint asserted various violations of the California Labor Code, including §§ 1197, 206, 226, 203, 450 and 2802. It did not include a PAGA claim based on any of these alleged violations.

The parties stipulated to the filing of a first amended complaint ("FAC") in December 2008. *See* Docket No. 6 (stipulation). In the FAC, Ms. Harris included for the first time a PAGA claim. *See* Docket No. 7 (FAC ¶¶ 80-82). The PAGA claim was predicated on violations of California Labor Code §§ 450 and 2802 only.

In February 2009, the parties stipulated to the filing of a second amended complaint ("SAC"). *See* Docket No. 12 (stipulation). Like the FAC, the SAC continued to allege a PAGA claim based on violations of California Labor Code §§ 450 and 2802 only. *See* Docket No. 17 (SAC ¶¶ 80-82).

In September 2009, the Court granted in part Vector's motion for summary judgment and dismissed Ms. Harris's § 226 damages claim and § 201/§ 203 claim. *See* Docket No. 71 (Order at 26).

In November 2009, Ms. Harris raised the issue of amending her complaint again. *See* Docket No. 99 (civil minutes). The Court set a briefing schedule which resulted in the currently pending motion.

As noted above, the critical amendment at issue has to do with Ms. Harris's PAGA claim. Ms. Harris's existing PAGA claim is based on violations of California Labor Code §§ 450 and 2802 only. Ms. Harris wishes to amend her PAGA claim to add new predicate violations – *i.e.*, violations of California Labor Code §§ 226, 403, 1197, and 1197.1. Each of these Labor Code sections, except for § 403,[1] was pled as an independent cause of action in the SAC; however, the SAC did not ask for PAGA remedies for these alleged violations.

On September 9, 2009, Ms. Harris sent a letter to the California Labor & Workforce Development Agency ("LWDA"). In the letter, a copy of which was sent to Vector, she alleged that Vector had violated California Labor Code §§ 226, 403, 1197, 1197.1, and 2802. She also noted that she had previously sent a letter to the agency concerning an alleged violation of § 450. Ms. Harris informed the LWDA that she intended to amend the complaint in her lawsuit against Vector to add claims under PAGA. *See* Lee Decl., Ex. B (letter).

---

[1] While §§ 226, 1197, and 1197.1 have been at issue in this case since its inception, this is the first time that Ms. Harris has implicated § 403.

2

On November 9, 2009, the LWDA responded to Ms. Harris's letter. The agency acknowledged receipt of Ms. Harris's notice of violations pursuant to California Labor Code § 2699 and stated that it had decided not to investigate. *See* Lee Decl., Ex. C (letter).

## II. DISCUSSION

### A. Legal Standard

"A court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "'Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.'" *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007). Futility alone can justify a court's refusal to grant leave to amend. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995). In its opposition to Ms. Harris's motion for leave to amend, Vector argues that the proposed PAGA amendment is futile.[2]

### B. Exhaustion of Remedies

According to Vector, the proposed PAGA amendment is futile because Ms. Harris has failed to exhaust her administrative remedies. There is no dispute that, before Ms. Harris can pursue any PAGA claim, she must have exhausted her administrative remedies. Exhaustion of remedies is covered by California Labor Code § 2699.3(a). It states in relevant part as follows:

> (1) A civil action by an aggrieved employee . . . shall commence only after the following requirements have been met:

---

[2] In her papers, Ms. Harris suggests that she has the right to amend her complaint to add a PAGA claim pursuant to California Labor Code § 2699.3(a)(2)(C). *See* Cal. Lab. Code § 2699.3(a)(2)(C) (providing that, "[n]otwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part"). The Court rejects this argument because § 2699.3(a)(2)(C) " is a procedural provision . . . that directly conflicts with the Federal Rules of Civil Procedure governing amendment. As such, pursuant to the Supremacy Clause, the Federal Rules govern." *De Simas v. Big Lots Stores, Inc.*, No. C 06-6614 SI, 2007 U.S. Dist. LEXIS 19257, at *11 (N.D. Cal. Mar. 2, 2007). The court in *Robert Half International Inc. v. Murray*, No. 1:07-cv-00799-LJO-SMS, 2008 U.S. Dist. LEXIS 93347 (E.D. Cal. June 24, 2008), likewise concluded that § 2699.3(a)(2)(C) "is inconsistent with the federal discretionary rule, which permits a uniform and consistent system [for amendments] guided by good cause, delay, prejudice, and other discretionary factors central to the Court's exercise of judgment in its case management authority" and therefore followed the federal rules instead. *Id.* at *11-12. "Moreover, subdivision (a)(2)(C) only grants the right to amend without leave, it does not establish whether a particular amendment will survive." *De Simas*, 2007 U.S. Dist. LEXIS 19257, at *11.

3

> (i) The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency ["LWDA"] and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.
>
> (2)
> (1) The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 33 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699.

Cal. Lab. Code § 2699.3(a). The obvious purpose of the notice to the LWDA is to give the agency a timely opportunity to investigate the alleged violation.

Vector argues that Ms. Harris has failed to exhaust her administrative remedies because, back in February 2009, she pled a PAGA claim (based on §§ 450 and 2802 only), but she never sent a notice to the LWDA until September 2009.[3] While the Court is troubled by Ms. Harris's failure to send any PAGA notice until September 2009, it does not find this fact alone dispositive. The bottom line is that Ms. Harris has now sent a PAGA notice and furthermore has received a response from the state agency. While Vector could have moved to dismiss the existing PAGA claim earlier based on the failure to exhaust, that problem has now, in essence, been cured.

C. Statute of Limitations

Vector argues that, exhaustion aside, the PAGA amendment proposed by Ms. Harris is still futile because it is barred by the statute of limitations. The parties agree that Ms. Harris's employment with Vector ended in July 2008, *see* Mot. at 6; Opp'n at 4, and that the PAGA has a one-year statute of limitations. *See* Cal. Code Civ. Proc. § 340(a) (providing for a one-year limitations period for "[a]n action upon a statute for a penalty or forfeiture, if the action is given to

---

[3] This was the notice that alleged violations of not only §§ 450 and 2802 but also violations of §§ 226, 403, 1197, and 1197.1, which Ms. Harris now wants to include as predicates for a PAGA claim in a TAC.

an individual, or to an individual and the state, except if the statute imposing it prescribes a different limitation"); *Baas v. Dollar Tree Stores*, No. C 07-03108 JSW, 2009 WL 1765759, at *5 (N.D. Cal. June 18, 2009) (stating that a PAGA claim is subject to a one-year statute of limitations); *Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1008 (N.D. Cal. 2007) (holding the same); *Moreno v. Autozone, Inc.*, No. C05-04432 MJJ, 2007 WL 1650942, at *2 (N.D. Cal. June 5, 2007) (concluding that § 340(a) applies to PAGA claims). Therefore, Ms. Harris had to have made a PAGA claim by July 2009 in order for the claim to fall within the statute of limitations.

As discussed above, Ms. Harris did plead a PAGA claim based on §§ 450 and 2802 prior to July 2009. However, she never sent a notice to the LWDA based on those alleged violations or any other Labor Code violation until September 2009. Therefore, all of her PAGA claims do appear to be time barred. The court in *Moreno* held that a PAGA claim was time barred where plaintiff's employment with defendant ended in April 2005 but she did not even start pursuing administrative remedies until some 20 months later, *i.e.*, in December 2006. *See id.* at *4. That reasoning applies here as well.

Ms. Harris argues, however, that the statute of limitations is not a bar because of the relation back doctrine – *i.e.*, the complaint alleging the PAGA claims (predating the notice to the LWDA) was filed within the limitations period. The Court does not agree. Two courts in this District have rejected a relation back argument where, as here, the notice to the LWDA was not made until after the expiration of the limitations period. *See Baas*, 2009 WL 1765759, at * 5; *Moreno*, 2007 WL 1650942, at *4. As the *Moreno* court explained:

> "A subsequent pleading which sets out the subsequent performance of a condition precedent to suit cannot relate the time of performance of the condition back to the time of the filing of the original complaint and thereby toll the running of the period of limitation, since the rule of relation back does not operate to assign the performance of a condition precedent to a date prior to its actual occurrence."

*Id.* at 668 (quoting *Wilson v. People ex rel. Dep't of Public Works*, 271 Cal. App. 2d 665 (1969)). In short, the condition precedent to suit – the LWDA notice – was not timely and cannot be retrospectively revived.

At the hearing, Ms. Harris argued that *Moreno* is not persuasive because the court's reliance therein on *Wilson* is problematic. *Wilson* involved a claim pursuant to the California Tort Claims Act ("CTCA"), not PAGA. The CTCA contains a claim presentation requirement – *i.e.*, before a plaintiff may file suit against the state, she must first make a presentation of a written claim to the state. The plaintiff in *Wilson* originally filed suit against two non-state defendants but subsequently sought to add the state as a defendant. She obtained a court order relieving her of the responsibility of presenting a written claim but, by statute, was required file suit against the state within thirty days thereafter. The plaintiff failed to failed to do so, filing suit instead some forty-five days later. *See Wilson*, 271 Cal. App. 2d at 667.

In the attempt to overcome this late filing, the plaintiff argued that the relation back doctrine applied. The court rejected this argument, explaining that no cause of action against the state accrued until the plaintiff had satisfied the claim presentation requirement or obtained relief from that requirement. The plaintiff therefore could not relate the claim against the state back to the date of her original complaint. *See id.* at 668.

Ms. Harris argues that *Wilson* is distinguishable because the concern in *Wilson* was whether or not the state – which was not one of the original defendants in the lawsuit – had notice of the lawsuit. Because the state had not received such notice from the earlier complaint, it was not appropriate to apply the relation back doctrine. Here, Ms. Harris argues, the situation is different: Vector, as the one and only defendant, has had notice of the lawsuit since its inception and furthermore has had notice of the PAGA claim since February 2009 when it stipulated to the claim.[4] Therefore, according to Ms. Harris, the relation back doctrine should apply.

There are several problems with Ms. Harris's argument. First, contrary to what Ms. Harris contends, there is nothing in the *Wilson* opinion that indicates that notice to the state was critical to the court's ruling. Rather, the *Wilson* court took a formalistic approach, relying on the legal principle that "the rule of relation back does not operate to assign the performance of a condition

---

[4] Of course, in February 2009, Vector only had notice of a PAGA claim based on violations of §§ 450 and 2802.

6

precedent to a date prior to its actual occurrence." *Id.* That rationale, though formalistic, applies with equal force here.

Second, even if the court's decision in *Wilson* was informed by the lack of notice to the state, the fact that Vector had notice of the lawsuit and the PAGA claim for months is not material here. The purpose of the PAGA notice requirement is to give notice to the *state agency – the LWDA –* so that it has "the initial opportunity to investigate and cite employers for Labor Code violations." *Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365, 375 (2005). Here, the prior complaint served on Vector did not provide such notice to the LWDA. Notably, a delay in giving notice to the LWDA may well impact the agency's decision as to whether or not to investigate the employer that has allegedly violated the Labor Code. For example, the agency may decide not to investigate because of a limitations bar and the passage of time. Or the state may choose not to prosecute where, as here, the private actor has already initiated a lawsuit and has been litigating the predicate labor violations for a lengthy period of time. The function of the procedural condition precedent to suit – timely notice to the LWDA – may be undermined were the relation back doctrine applied and the statutory requisites ignored.

Ms. Harris argues still that other authority supports her position that relation back is possible – more specifically, *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157 (2008), and *Caliber Bodyworks*, 134 Cal. App. 4th at 365. Neither case is availing, however.

In *Amaral*, the plaintiffs sued their employer for various labor violations. One of the issues before the court was whether or not the trial court had erred in allowing the plaintiffs to amend their complaint to add a PAGA claim even though the unlawful conduct by the defendant had taken place prior to the enactment of the statute. In other words, the court had to address the issue of retroactivity. The court agreed with the trial court's ruling that the plaintiffs could bring a PAGA claim so long as they were precluded from pursuing any *new* penalties created by PAGA. *See id.* at 1196-97 (explaining that there was no problem with retroactivity because the Labor Commissioner could have recovered those very penalties from the defendant prior to PAGA).

The court then went on to address a related issue – *i.e.*, whether the "plaintiffs' claim for PAGA-based penalties relates back to their original complaint." *Id.* at 1199. Because relation back

is generally permitted so long as the amendment to the complaint is based on the same set of facts previously alleged in the complaint, the court allowed relation back in the plaintiffs' case. The court noted:

> It is true that plaintiffs could not have included a claim for PAGA penalties in their original complaint, because it was filed before PAGA was enacted, but this fact does not change the analysis. As the trial court observed, PAGA was at most a new theory of recovery that became available to plaintiffs during the pendency of their lawsuit, and claims based on new legal theories may relate back so long as they address the same set of facts.

*Id.* at 1200.

The problem for Ms. Harris is that *Amaral*, as is indicated by the above discussion, dealt with a unique circumstance – *i.e.*, when there was a pending case at the time that PAGA was first enacted. The court dealt with relation back in that specific circumstance, which is not applicable here. More importantly, the issue in *Amaral* was whether relation back to an original or earlier complaint was permissible. The court applied traditional pleading rules within a single judicial proceeding. Here, in contrast, the issue is whether an *administrative* notice – a *condition precedent* to the lawsuit – can relate back to the complaint. As noted above, such a relation back would implicate policy considerations not involved in *Amaral*. As Judge White noted in *Baas*, *Amaral* "did not address [the issue of] whether *the notice requirement* fulfilled after the statute of limitations had expired could relate back." *Baas*, 2009 WL 1765759, at *5 (emphasis added). Indeed, nowhere in *Amaral* is the PAGA notice requirement discussed at all.

As for *Caliber Bodyworks*, there, the court simply held that some of the claims alleged by the plaintiffs had to be dismissed because the plaintiffs had not pled compliance with the PAGA notice requirement. *See Caliber Bodyworks*, 134 Cal. App. 4th at 383. Ms. Harris contends that footnote 18 of the opinion demonstrates that she is entitled to relate back, but the Court does not agree. In the footnote, the *Caliber Bodyworks* court stated:

> Because plaintiffs have not specified any manner in which they would amend their allegations if the demurrer is sustained to these causes of action, granting leave to amend would be futile. Nevertheless, plaintiffs certainly may follow the administrative procedures in section 2699.3, subdivision (a), and, should the LWDA choose not to investigate or cite [the employer] based on the alleged violations, then request leave to amend the first amended complaint to seek civil

8

> penalties (§ 2699.3, subd. (a)(2)(C) ["Notwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part."].)

*Id.* at 383 n.18. This is simply a recitation of § 2699.3 procedure. The court did not address the statute of limitations or the relation back doctrine. Moreover, as noted above, "subdivision (a)(2)(C) only grants the right to amend without leave, it does not establish whether a particular amendment will survive." *De Simas*, 2007 U.S. Dist. LEXIS 19257, at *11.

Accordingly, the Court denies Ms. Harris's request for leave to amend to add additional Labor Code violation predicates in support of her PAGA claim.

### III. CONCLUSION

For the foregoing reasons, Ms. Harris's motion for leave to amend is granted in part and denied in part. Ms. Harris has leave to amend to drop her cause of action for failure to pay wages (because it is duplicative of another claim for failure to pay minimum wages). She does not have leave to add to her existing PAGA claim new predicate labor violations. Ms. Harris shall file her amended complaint within five days of the date of this order.

This order disposes of Docket No. 102.

IT IS SO ORDERED.

Dated: January 5, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge