United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA HARRIS, | No. C-08-5198 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND** |
| VECTOR MARKETING CORPORATION, | **(Docket Nos. 121, 125)** |
| Defendant. _____/ | |

Currently pending before the Court are the parties' cross-briefs as to whether Plaintiff should be given leave to amend her complaint. Plaintiff seeks leave to amend her complaint so as (1) to include factual allegations that Defendant failed to pay her for qualified sales presentations ("QSPs") and (2) to assert legal claims based on that failure to pay. The Court previously determined that the QSP claim had not previously been asserted and that the claim was based on an entirely different set of facts than those comprising the claim that Defendant failed to pay for training time. The key operative facts of the QSP claim has little, if anything, to do with the prior claim. The Court thus determined Plaintiff's newly asserted QSP claim was tantamount to a proposal to amend her complaint to allege a new claim and has deemed it as such. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **DENIES** Plaintiff's deemed request for leave to amend.

As a preliminary matter, the Court notes that, based on her previously filed case management statement, Plaintiff appeared to be making a QSP claim on state law only, and not federal law, *i.e.*, the Fair Labor Standards Act ("FLSA"). At the hearing, Plaintiff acknowledged, after questioning

by the Court, that it would be possible to bring a QSP claim based on the FLSA (*i.e.*, for failure to pay wages) and affirmed that she would like to proceed with the QSP claim under both state and federal law.[1] Thus, the question for the Court is whether such an amendment should be permitted under Federal Rule of Civil Procedure 15.

Rule 15 provides that, after the initial period for amendments as of right, pleadings may be amended only by leave of court, and leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007) (internal quotation marks omitted).

In the instant case, the Court agrees with Defendant that there has been undue delay on the part of Plaintiff in seeking leave to amend. This case was filed approximately eighteen months ago. Plaintiff knew from the outset of the case that she was allegedly not paid for her QSPs. She admitted this when she was deposed in March 2009, her attorneys knew that she had purportedly not been paid. *See* Lien Decl., Ex. B (Harris Depo. at 102) (testifying that she was not paid for twenty QSPs). And yet no action was taken to amend the complaint to include a QSP claim until only recently, eighteen months after this case was filed. This is especially problematic given that previously Plaintiff asked for and/or took numerous opportunities to amend her complaint. Why Plaintiff did not seek to include the QSP claim at one of those earlier times is not explained.

Plaintiff tries to argue that, even though this case is some eighteen months old, "it is truly a case which does not show its age" and that, "measured in terms of work performed on the class issues, . . . [the] case is actually in its infancy." Pl.'s Br. at 2. But this argument is unavailing. The fact that the case was being mediated early on in the proceedings did not bar Plaintiff from seeking to include a new claim based on the alleged failure to pay for QSPs. Likewise, that there were early summary judgment proceedings did not preclude Plaintiff from seeking leave to amend. A fair

---

[1] At the hearing, the Court noted that, if a FLSA claim were viable and Plaintiff asserted the state claim but not the FLSA claim, that would be problematic as that would appear to be contrary to the interests of the putative class.

2

amount of discovery has already taken place. The fact remains that this case has been pending for 18 months and is now on a strict schedule for expedited consideration of class certification and discovery carefully sequenced as part of a larger pretrial and trial schedule. Plaintiff offers no excuse for the failure to seek an amendment months ago.

However, the fact that Plaintiff has delayed in seeking leave to amend is not dispositive. Indeed, under Ninth Circuit law, "[d]elay alone is insufficient to justify denial of leave to amend; the party opposing amendment must also show that the amendment sought is futile, in bad faith or will cause undue prejudice to the opposing party." *Jones v. Bates*, 127 F.3d 839, 847 n.8 (9th Cir. 1997); *see also* United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981) (stating that "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend" and that "'[o]nly where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading'").

In its papers, Defendant contends that prejudice may be established by the mere fact that more discovery would have to be taken if an amendment were permitted. *See* Def.'s Br. at 7. But the authority cited by Defendant does not set forth that broad a proposition. In fact, each of the cases cited by Defendant indicates that prejudice arises based on timing issues. For example, in *Jackson v. Bank of Hawaii*, 902 F.2d 1385 (9th Cir. 1990), the plaintiff sought leave to amend approximately a year after the discovery deadline. *See id.* at 1387 (noting that trial court had "established a firm discovery completion deadline of June 30, 1987" and that, "[o]n June 3, 1988, appellants filed a motion to amend the complaint"). Thus, the fact that additional discovery would be needed for the new claims was clearly prejudicial in light of the procedural stage of the case. In *Jordan v. County of Los Angeles*, 669 F.2d 1311 (9th Cir. 1990), the Ninth Circuit agreed with the district court that "adding the new causes of action would require the County to conduct further discovery, resulting in additional expense and further *delay*." *Id.* at 1323 (emphasis added). And in *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946 (9th Cir. 2006), the court concluded that there would be prejudice because the plaintiff's proposed amendment advanced different legal theories requiring proof of different facts at a stage in the litigation which would require the parties to "scramble" to complete discovery. *Id.* at 953 (also noting that allowing amendment would

"unfairly impose[] potentially high, additional litigation costs on Dialysist West that could have easily been avoided had AmerisourceBergen pursued its 'tainted product' theory in its original complaint or reply").

That being said, even taking a more limited interpretation as to what may constitute cognizable prejudice for purposes of amending the complaint, the Court finds there is prejudice. As noted above, Plaintiff wishes to include a QSP claim under the FLSA but, under the Court's case management schedule, Plaintiff's motion for conditional FLSA certification must be filed in less than two weeks (*i.e.*, on April 14, 2010). *See* Docket No. 126 (Order, Ex. A). As of date, little to none of the discovery that has taken place in this case has dealt with the QSP issue. In other words, effectively all the discovery needed for the FLSA conditional class certification must take place within the span of weeks.

In an effort to ascertain whether the amendment and ensuing discovery would delay the scheduled events contained in this Court's current CMC order, including conditional class certification, the Court directed Plaintiff to describe in detail the discovery it intended to take as to the QSP claim certification. In response, she described a 30(b)(6) deposition, 5-10 depositions of local managers and vaguely described the kind of documents she expected to review. Specifically, she would take a 30(b) deposition of Vector and/or depose Paul Matheson, Vector's Legal Affairs Manager; also, she would take the depositions of five to ten of Vector's managers at the local level (*i.e.*, the managers of the sales representatives).[2] At the hearing, Plaintiff reiterated that she needed little discovery and therefore the two-week time period currently provided in the CMC schedule was not a problem. At the hearing, Plaintiff intimated she might not need any document production. Finally, as part of her own independent investigation (and not formal discovery), she would be contacting potential class members about their experiences with payments for QSPs.

The Court finds Plaintiff's professed ability to conduct the discovery and investigation outlined above within a two-week period overly optimistic to say the least. Defendant contends there have been approximately 150 local managers in the state over the past five years and that

---

[2] Vector asserts that, like the sales representatives, the local managers are independent contractors.

4

nearly 60% of the 54,000 class members submitted at least one, if not more than one, QSP claim. There are likely hundreds of thousands of QSP documents involved, spread over 70 offices throughout the state. Local managers are tasked with the initial vetting of QSP claims. After review and possible investigation, the managers submit to the corporate office for final decision and payment QSP claims which the managers conclude warrant payment.

As Defendant pointed out in its papers, there are substantial questions whether (as Plaintiff contends) Defendant had a corporate culture that incentivized local managers to deny payment for QSP claims and whether in fact there was a widespread practice by local managers to wrongfully deny such claims. There are further questions whether, even when local managers submit such claims, there is a pattern or practice at the corporate level to wrongfully deny QSP claims. At the hearing, Plaintiff's counsel introduced yet another factual scenario: that local managers discouraged salespersons from even submitting QSP claims in the first place. Given the multifaceted factually complex issue, class certification under either Rule 23 or conditionally under the FLSA appears to be a daunting task and, in any event, will require a proffer of substantial evidence on these questions. Discovery is bound to be complex and lengthy. Plaintiff's ability to demonstrate she is similarly situated to other class members as required for conditional certification under the FLSA is thus complicated and informed by many competing variables, scenarios and explanations which are likely to emerge.[3]

The Court is not convinced that the brief and truncated discovery and investigation outlined by Plaintiff would be sufficient for conditional class certification to proceed. As just one small example, a sampling of five to ten local managers seems hardly adequate given Defendant's representation that, "[o]ver the past five years, there have been over 150 local . . . managers running Vector sales offices in California" and the many possible scenarios involving alleged wrongful denials of QSP claims. (Matheson Decl. ¶ 8). It is also unrealistic to expect that no document production is necessary even as to these 5-10 deponents. The local managers will not likely be able to provide such basic information about the numbers of requests for payment that they approved and

---

[3] Indeed, there appears to be a dispute as to whether Plaintiff herself submitted QSP claims which were then wrongfully denied.

denied without going through documents in their possession, custody, or control, much less defend or explain individualized decisions to particular QSP claims.

Not only has Plaintiff vastly underestimated the likely scope of discovery in view of the size and complexion of the QSP issue, she has not taken into account the work that Defendant must undertake in defense and rebuttal of Plaintiff's contentions. As an example, affidavits of putative class members Plaintiff intends to submit in support of her request for certification must be subject to cross-examination and investigation by Defendant for possible rebuttal. In addition to deposing these affiants Defendant will need time to gather testimonial and documentary evidence in response. Documents corroborating or contradicting various contentions of the parties will play a significant role in the evaluation of the parties' position. Defendant will have to examine tens if not hundreds of thousands of records, interview an adequate sampling of the 150 local managers and corporate employees to oppose Plaintiff's contention that she and others were wrongfully denied compensation for QSPs and that she is similarly situated to other class members. Plaintiff in turn will undoubtedly want an opportunity to take discovery relative to counter affidavits filed by Defendant.

The need and scope of discovery is likely to expand as the parties' respective positions emerge. This cannot happen in the span of a few weeks, particularly in light of the ongoing discovery already pending on Plaintiff's current claims.

The Court therefore concludes that permitting Plaintiff's proposed amendment would be unduly prejudicial. Necessary discovery and briefing cannot be accomplished within the case management schedule in this case. While Plaintiff has suggested that this prejudice could be cured by altering the schedule, the Court will not do so. The Court has already substantially deferred the trial date in this case. As this case is already a year and a half old, the Court has now established a specific schedule for conditional class certification, discovery, and class certification that already contains compressed time periods. The sequencing of events does not allow for delay without upending the entire schedule, including trial. Allowing the discovery needed in connection with certification of this new, unrelated factually complex claim will doubtlessly cause delay and upset the trial schedule. *See Jordan*, 669 F.2d at 1323.

In light of the fact that Plaintiff offers no excuse for asserting the QSP claim so belatedly and the prejudice that would obtain were the claim now included in this suit, Plaintiff's motion for leave to amend is denied.

This order disposes of Docket Nos. 121 and 125.

IT IS SO ORDERED.

Dated: April 5, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

7