UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA HARRIS, | No. C-08-5198 EMC |
| Plaintiff, | |
| v. | **ORDER RE CLASS NOTICE** |
| VECTOR MARKETING CORPORATION, | **(Docket Nos. 177-78)** |
| Defendant. _____/ | |

Currently pending before the Court is a dispute between the parties over the terms to be included in the class notice to be issued pursuant to the Fair Labor Standards Act ("FLSA"). The Court hereby rules as follows.

A.  Section 6

Ms. Harris's operative complaint indicates that she seeks not only unpaid wages but also penalties. Therefore, the reference to "liquidated damages" is permissible.

B.  Section 7

The phrase "although you may later be found to be ineligible" is unnecessary. Section 7 already provides that "you are *potentially* eligible to join this lawsuit" (emphasis added). Potential eligibility means that eligibility is not guaranteed.

C.  Section 9

The Court shares Ms. Harris's concern that potential opt-ins not be chilled from participating in the litigation. However, numerous courts have held or assumed that a prevailing defendant in a FLSA language may obtain its costs (as distinguished from attorney's fees) pursuant to Federal Rule

of Civil Procedure 54 and 28 U.S.C. § 1920.  *See, e.g.*, *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190-91 (10th Cir. 2004); ; *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 707-08 (E.D. La. 2009); *Reyes v. Tex. EZPawn, L.P.*, No. V-03-128, 2007 U.S. Dist. LEXIS 93056, at *3 (S.D. Tex. Dec. 19, 2007); *Copeland v. ABB, Inc.*, No. 04-4275-CV-C-NKL, 2006 U.S. Dist. LEXIS 41043, at *3 (W.D. Mo. June 20, 2006);  *see also Creten-Miller v. Westlake Hardware, Inc.*, No: 08-2351-KHV, 2009 U.S. Dist. LEXIS 60393, at *15-16 (D. Kan. July 15, 2009) (although not referencing Rule 54 or § 1920, stating that "[a]n award of costs to a prevailing defendant in an FLSA case is clearly possible and is not merely theoretical").  The fact that the FLSA expressly provides for fee- and cost-shifting in favor of a prevailing plaintiff does not necessarily mean that a prevailing defendant is therefore foreclosed from obtaining any fees or costs.  A few courts, however, have held or assumed to the contrary.  *See, e.g.*, *Austin*, 232 F.R.D. 601, 608 (W.D.Wis. 2006).

Reflecting this uncertainty, most courts which have addressed the issue, including several in this district, have held it is appropriate to include notice of potential liability for costs in a FLSA case.  *See Labrie v. UPS Supply Chain Solns., Inc.*, No. C 08-3182 PJH, 2009 U.S. Dist. LEXIS 25210 (N.D. Cal. Mar. 18, 2009); *Mowdy v. Beneto Bulk Transp.*, No. C 06-05682 MHP, 2008 U.S. Dist. LEXIS 26233 (N.D. Cal. Mar. 31, 2008); *Stanfield v. First NLC Financial Services, LLC*, No. C 06-3892 SBA, 2006 U.S. Dist. LEXIS 91743 (N.D. Cal. Dec. 5, 2006).  A few have decided against such notice, in part because of the risk of unduly chilling opt-ins.  *See, e.g.*, *Martinez v. Cargill Meat Solns.*, 265 F.R.D. 490, 500 (D. Neb. 2009); *Austin*, 232 F.R.D. at 608; *Herrera v. Unified Mgmt. Corp.*, No. 99 C 5004, 2000 U.S. Dist. LEXIS 12406, at *6-7 (N.D. Ill. Aug. 18, 2000).  The Ninth Circuit has not addressed either the propriety of shifting costs in favor of the prevailing defendant in an FLSA suit or the advisability of including notice of that risk to the potential class.

Because there is a meaningful risk that class members could be liable for costs, the Court concludes the notice should include a reference to that risk.  The potential chilling effect, however, counsels for tempering language in that notice.

The Court, therefore, concludes that the notice should employ the statement used by Judge Armstrong in *Stanfield*, 2006 U.S. Dist. LEXIS 91743, at *4, subject to some modification -- *i.e.*, the

statement should provide as follows: "Should the lawsuit not succeed, there is a possibility (though not a certainty) that any person who joined the lawsuit may be liable for a share of the expenses in reimbursing Vector for its costs of suit, such as filing fees or deposition transcripts."

If, however, Ms. Harris's counsel agrees to pay all costs should Vector prevail (and files a declaration with this Court so stating), thereby minimizing the possibility that class members would be liable for any costs should they not succeed in the lawsuit, then no statement regarding costs need be included.  While the *Stanfield* court still required inclusion of the above statement even though plaintiffs' counsel agreed to absorb costs unless plaintiffs prevailed, *see id.*, the Court finds that such a circumstance would justify exclusion of the statement so as to ensure that participation is not otherwise chilled.

D.    Section 13

The Court stands by its prior ruling and therefore information regarding Vector's counsel should not be provided as part of the notice.  The fact that the FLSA requires an opt in does not mean that there ethical concerns are not existent.  Furthermore, regardless of ethical concerns, including Vector's counsel's information risks inadvertent inquiries.

This order disposes of Docket Nos. 177 and 178.

IT IS SO ORDERED.

Dated: May 21, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

3