United States District Court

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA HARRIS, | No. C-08-5198 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL 30(b)(6) DEPOSITION ON COMPENSATION OF SALES REPRESENTATIVES** |
| VECTOR MARKETING CORPORATION, | |
| Defendant. | **(Docket No. 190)** |
| _____/ | |

Previously, the Court deferred ruling on that part of Plaintiff's motion to compel concerning the compensation of Sales Representatives. *See* Docket No. 211 (order). The parties have now filed supplemental briefs on the issue and, having considered those briefs, the Court hereby **DENIES** the motion to compel a 30(b) deposition on the subject matter of Sales Representative compensation.

As a preliminary matter, the Court is dubious that the compensation of Sales Representatives is relevant. This case is, in essence, about whether individuals should have been compensated during the time they spent in initial training -- *i.e.*, *before* they started to sell the Cutco knives. Thus, the money they made based on their selling of knives *after* the training was completed is immaterial.

At the hearing on July 21, 2010, Plaintiff argued relevance based on an anticipated defense of "consent" -- that the Sales Representatives consented to training without pay. Plaintiffs argued at the hearing that any such "consent" was vitiated by the misrepresentations made by Vector to induce consent -- *i.e.*, if Defendant promised potential Sales Representatives that they would make $50,000 a year but, in reality, Sales Representatives made only $250 a year, then the individuals could not be said to have voluntarily consented to not being paid for the time they spent in initial training. The problem with this contention is that Defendant has not offered as a defense that the individuals

1  participating in the training consented to not being paid.  Defendant has argued that the individuals
2  are independent contractors and not employees, but none of the tests that the parties and the Court
3  have discussed in determining whether a person is an independent contractor or employee rests on
4  whether there was consent to not being paid for certain activity.  For example, one factor to consider
5  under California law is whether the parties believe they are creating an employer-employee
6  relationship, *see* Docket No. 71 (Order at 15), but that cannot be equated with the consent issue as
7  framed by Plaintiff.  In opposing this discovery, Defendant in its reply to Plaintiff's supplemental
8  briefing, stated "there is no fraud claim in this case.  Neither, contrary to plaintiff's counsel's
9  representation at the hearing, is there an affirmative defense of consent in the case." (Def's Reply to
10 P's Suppl. Briefing Re Motion to Compel, p. 1).

11      Accordingly, Plaintiff's motion to compel with respect to the compensation of Sales
12 Representatives is denied.

14      IT IS SO ORDERED.

16 Dated: July 29, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

2