UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA HARRIS, | No. C-08-5198 EMC |
| Plaintiff, | |
| v. | **ORDER RE JOINT LETTER OF AUGUST 5, 2010** |
| VECTOR MARKETING CORPORATION, | **(Docket No. 292)** |
| Defendant. | |

Currently pending before the Court is a discovery dispute between the parties as to whether Defendant should be permitted to take the deposition of Plaintiff a second time. Previously, Plaintiff was deposed in or about March 2009, prior to the filing of Defendant's early motion for summary judgment.

Federal Rule of Civil Procedure 30(a) provides that, if a party seeks to take a second deposition of a witness, the "party must obtain leave of [the] court, and the court must grant leave to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2)(A)(ii). Rule 26(b)(2) in turn provides that a "court must limit the frequency or extent of discovery . . . if it determines that," *e.g.*, "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action" or "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C).

While the Court is not unsympathetic to Plaintiff's position, it ultimately concludes that a second deposition is appropriate. While Defendant did make the decision to depose Plaintiff early in the litigation, that was based on a not unjustified belief that the case could be resolved on the merits

early in the proceedings so that neither side would have to incur substantial costs. Moreover, Plaintiff identifies no undue burden that she would suffer if she were to be deposed a second time, and Defendant has stated that it will limit the scope of the deposition to new evidence discovered since the first deposition. The Court also notes that the new evidence about which Defendant seeks to depose Plaintiff is not insignificant, particularly since this is a class action and the Court has an independent duty to protect the interests of the class. *See Silber v. Mabon*, 957 F.2d 697, 701 (9th Cir. 1992) ("Both the class representative and the courts have a duty to protect the interests of absent class members."). Plaintiff's reliance on *Blackwell v. City & County of San Francisco*, No. C-07-4629 SBA (EMC), 2010 U.S. Dist. LEXIS 75453 (N.D. Cal. June 25, 2010), is unavailing because, there, the plaintiff sought to take a second deposition not because of new evidence but rather because of his counsel's discovery of a case decided prior to the first deposition which suggested a new theory to support his claim for disability discrimination. *See id.* at *6.

        Accordingly, the Court **GRANTS** Defendant's request to take a second deposition of Plaintiff. The deposition shall be limited to new evidence discovered after the date of the first deposition. The deposition shall be limited to four hours.

        This order disposes of Docket No. 292.

        IT IS SO ORDERED.

Dated: August 9, 2010

                                                  _____
                                                  EDWARD M. CHEN
                                                  United States Magistrate Judge