John P. Zaimes (SBN 91933)
jzaimes@reedsmith.com
Roxanne M. Wilson (SBN 94627)
rwilson@reedsmith.com
John H. Lien (SBN 222842)
jlien@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
Vector Marketing Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA HARRIS, as an individual and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br>　　vs.<br>VECTOR MARKETING CORPORATION, a Pennsylvania corporation; and DOES 1 through 20, inclusive,<br><br>　　　　　　　Defendants. | No.: CV 08 5198 EMC<br><br>**DEFENDANT VECTOR MARKETING CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO INTERVENE HUNTER BRYAN AND JENTILA BIDDLE AS ADDITIONAL NAMED PLAINTIFFS AND CLASS REPRESENTATIVES**<br><br>Hearing Date:　September 15, 2010<br>Time:　　　　　3:00 p.m.<br>Ctrm:　　　　　C<br><br>Complaint Filed:　October 15, 2008<br>Discovery Cutoff: March 2, 2011<br>Trial Date:　　　June 6, 2011 |

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ........................................................................... 1

II. THE PROPOSED INTERVENORS FAIL TO MEET THE REQUIREMENTS OF A MOTION TO INTERVENE ....................................... 3

    A. Proposed Intervenors Fail To Show Any Right To Pursue Claims Under Labor Code Sections 203 And 226 ...................................... 4

    B. Proposed Intervenors Have Not Shown Good Cause For Their Untimely Motion to Intervene .............................................................. 5

    C. Proposed Intervenors Are Not Entitled To Intervene Of Right ................ 7

    D. Proposed Intervenors Also Fail To Meet The Requirements For Permissive Intervention ......................................................................... 8

III. THIS IS TRULY A MOTION FOR LEAVE TO AMEND, AND IT SHOULD BE DENIED FOR REASONS EVEN MORE COMPELLING THAN THOSE THAT LED TO THE DENIAL OF PLAINTIFF'S THREE PRIO MOTIONS FOR LEAVE TO AMEND ..................................... 11

IV. CONCLUSION .................................................................................................. 14

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF AUTHORITIES

## CASES

*Burdick v. Union Security Ins. Co.*,
  2009 WL. 4798873 (N.D.Cal. 2009) ................................................................. 12

*EEOC v. ABM Indus. Inc.*,
  2010 WL. 744714 (E.D.Cal. 2010) ................................................................. 4, 6

*Furey v. Executive Risk Indemnity*,
  2001 WL. 715732 (D.Me. 2001) ......................................................................... 6

*Glass v. UBS Financial Serv., Inc.*,
  2007 WL. 474936 (N.D.Cal. 2007) ................................................................... 12

*Hitt v. Arizona Beverage Co., LLC*,
  2009 WL. 4261192 (S.D.Cal. 2009) ............................................................ 11, 12

*Homebingo Network, Inc. v. Cadillac Jack, Inc.*,
  2006 WL. 3469515 (S.D.Ala 2006) ................................................................ 3, 12

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir.1992) ............................................................................ 5, 12

*League of United Latin American v. Wilson*,
  131 F.3d 1297 (9th Cir. 1997) ............................................................................ 4, 6

*Osakan v. Apple American Group*,
  2010 WL. 1838701 (N.D.Cal. 2010) ................................................................ 5, 12

*Smith v. Marsh*,
  194 F.3d 1045 (9th Cir. 1999) ........................................................................... 6, 13

*United States v. Alisal Water Corporation*,
  370 F.3d 915 (9th. Cir. 2004) ............................................................................ 3, 6

*United States v. State of Washington*,
  1499 F.3d 1499 (9th Cir. 1996) .............................................................................. 6

## RULES

Fed. R. Civ. Proc. 24 .................................................................................... 1, 2, 4, 7

Fed. R. Civ. Proc. 24(a)(ii) ................................................................................... 7

Fed. R. Civ. Proc. 24(c) ........................................................................................ 4

I. **<u>PRELIMINARY STATEMENT</u>**

Plaintiff's counsel have labeled their latest effort to expand this case and to try to gain back ground they previously lost in this action as a "Motion to Intervene." That is a disguise for what the motion truly is: yet another Motion for Leave to Amend, this one in part an attempt to resurrect claims that have already been summarily adjudicated in defendant's favor based on a lack of material evidence. Plaintiff's counsel know, as do defendant's counsel and the Court, that they have brought Motions for Leave to Amend on three prior occasions, and that all three have been denied by the Court based on a showing of undue delay and significant prejudice to defendant. Plaintiff's counsel also know that the within motion, brought even later in the day, and brought after the Court has closed the pleadings in the case as of April of this year, would have an even tougher hill to climb if it were brought as a Motion for Leave to Amend. They have chosen instead to dress this up as a Motion to Intervene in hopes that it will pass muster, but it is in fact a Motion for Leave to Amend.

There is no authority of which we are aware for the proposition that a putative class member in a class action that has been pending for two years, may suddenly choose to intervene in a pending class action. The authority is to the contrary. The proper procedure for seeking to amend a complaint to add new plaintiffs is a Motion for Leave to Amend. Motions to Intervene are reserved for situations in which parties uninvolved in a case seek to join the case to have their rights protected. Fed. R. Civ. Proc. 24.

Here, by contrast, the proposed intervenors have been putative class members since the case was filed. One submitted a declaration in support of plaintiff five months ago. Both have been clients of plaintiff's counsel for at least five months. Most importantly, their interests with respect to the claims on which they seek to intervene, Labor Code Sections 203 and 226, are no different from plaintiff Alicia Harris's claims. That is because these intervenors have made absolutely no showing

that they possess any evidence to demonstrate "willful" failure to pay wages due under Labor Code Section 203 or "knowing and intentional" failure to provide an accurate wage statement under Labor Code Section 226. That is exactly the state of the evidence with respect to Alicia Harris, and there is therefore no interest that these proposed intervenors possess that is different from Alicia Harris's interest or that would go unprotected if the case were to proceed without them as plaintiffs.

This is such a critical point with respect to this motion that it bears restating in a slightly different way to emphasize the point. These proposed intervenors are attempting to intervene to pursue claims under Labor Code Section 203 and Labor Code Section 226, yet their motion offers not a shred of evidence to support such a claim. Lack of material evidence is the very basis upon which partial summary judgment was granted against Alicia Harris one year ago. These proposed intervenors have therefore not demonstrated any basis upon which they should be allowed to intervene to pursue those claims. They have no separate interest or rights to protect here, as successful intervenors are required to have. *See* Fed.R.Civ.Proc. 24. Their motions should be denied for this reason.

These proposed intervenors are actually attempting to intervene here for an entirely different, unstated purpose. Plaintiff's counsel know that Vector has spent many, many months – actually almost two years – developing evidence to show that plaintiff Alicia Harris is not a suitable class representative and that her experience is not typical of the conditional and putative classes she seeks to represent. That showing will be a critical part of Vector's soon to be filed Motions to Decertify and its Opposition to Plaintiff's Motion to Certify. Plaintiff's counsel want to insert two new class representatives into this case at the eleventh hour – on the virtual eve of the momentous class certification filings – to try to counteract the effects of Vector's diligence in exposing Harris's shortcomings. But it is far too late in the game for such tactics, and trying to add these two intervenors at this juncture is grossly untimely and would inflict extreme prejudice upon Vector. For those additional reasons, both a

Motion for Leave to Amend and a Motion to Intervene are unjustified and unsupportable.

This motion is also an attempt to gain back claims previously adjudicated in defendant's favor in a Motion for Partial Summary Judgment heard fully one year into the case, after plaintiff had had ample opportunity to try to develop evidence of willfulness or knowing and intentional conduct. Plaintiff's day of reckoning was in September 2009, and she failed to adduce any such evidence at that time. These plaintiffs also have no such evidence, and there is therefore no basis upon which to resurrect those claims in this case. The motion should be denied on this basis as well, and the Labor Code Sections 203 and 226 claims should be ordered stricken from the Third Amended Complaint.

## II. THE PROPOSED INTERVENORS FAIL TO MEET THE REQUIREMENTS OF A MOTION TO INTERVENE

As noted in the foregoing Preliminary Statement, a Motion to Intervene is not the proper procedure to attempt to add plaintiffs to a class action. The proper procedure is a Motion for Leave to Amend. *See, e.g., Burdick v. Union Security Ins. Co.*, 2009 WL 4798873, *8 (C.D.Cal. 2009) (to prevail on motion to intervene, moving party must show "good cause" for amending the complaint); *Homebingo Network, Inc. v. Cadillac Jack, Inc.*, 2006 WL 3469515, *1 (S.D.Ala 2006) (motion to intervene in effect seeks to amend the complaint). And as we discuss in Section III below, plaintiff cannot justify a request for leave to amend after three amendments, three failed motions for leave to amend, two years of litigation and with no showing that these plaintiffs possess any facts that would support the proposed amendment seeking to reinstate claims under Labor Code Sections 203 and 226. But even if this were a proper motion to intervene, it falls well short of the requirements for intervention in all events. (The burden is on moving party to show that <u>all</u> of the

requirements for intervention have been met. *United States v. Alisal Water Corporation*, 370 F.3d 915, 919 (9th. Cir. 2004).)

### A. Proposed Intervenors Fail To Show Any Right To Pursue Claims Under Labor Code Sections 203 And 226

As a threshold matter, a party seeking to intervene must show that it has some protectable interest, some claim, that is not being pursued by the current plaintiff in the case. *See* Fed.R.Civ.Proc. 24. The proposed intervenors here have failed to make even that threshold showing.

The Court has already determined that Alicia Harris cannot pursue claims under Labor Code Section 203 and Section 226 because she failed to adduce any evidence of "willful" conduct under Section 203 or "knowing and intentional" conduct under Section 226. In order for intervenors to enter the case to pursue those claims, as they seek to do here, they must show that they have a claim/interest that Harris cannot protect. *See* Fed.R.Civ.Proc. 24(c); *EEOC v. ABM Indus. Inc.*, 2010 WL 744714, *6 (E.D.Cal. 2010) (denying motion to intervene because intervenors "fail[ed] to outline the bases for their individual claims, and their proposed complaint in intervention fails to provide any clarity as to the unique and individual factual bases for the moving parties' claims"). Yet they have plainly not done so here. Nothing they have submitted, including their declarations, presents any evidence of "willful" or "knowing and intentional" conduct on the part of Vector with respect to failure of payment of all wages due at termination (Section 203) or failure to provide accurate wage statements (Section 226). That omission is dispositive of this motion.

The reality is that these proposed intervenors are no different from plaintiff Alicia Harris. Indeed, proposed intervenor Biddle concedes as much, declaring that "the facts relevant to my claims against Vector are essentially the same as those alleged by Ms. Harris." (Biddle Decl., ¶ 13.) Proposed intervenors cannot justify an intervention if they are situated the same as Harris with respect to the very claims upon which they seek to intervene. *See League of United Latin American v. Wilson*,

131 F.3d 1297, 1305 (9th Cir. 1997) (where an applicant for intervention and an existing party "have the same *ultimate objective*, a presumption of adequacy of representation arises") (emphasis in original).

The motion can and should be denied on this ground alone.

### B. Proposed Intervenors Have Not Shown Good Cause For Their Untimely Motion to Intervene

Even beyond their serious failure to demonstrate that they have a protectable interest, i.e. a claim, proposed intervenors have also failed to show good cause for allowing an amendment to the pleadings in this case. Whether properly styled a Motion for Leave to Amend or mis-styled a Motion to Intervene, the effect of what the proposed intervenors seek is nevertheless an amendment of the pleadings. In March 2010, the Court ordered the pleadings in this case closed as of April 14, 2010, fully 18 months after the case had been filed and after plaintiff had ample opportunity to amend (which plaintiff did three times and tried to do three more times, unsuccessfully). *See* Third Amended Case Management Order (Docket No. 126).

In order to amend the pleadings now, good cause must be shown, and that showing has not been made here. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992) ("[T]he focus of the inquiry is on the moving party's reasons for modifying the scheduling order.... If that party was not diligent, the inquiry should end") (emphasis added); *Osakan v. Apple American Group*, 2010 WL 1838701, *3 (N.D.Cal. 2010) (same). As discussed in greater detail hereinbelow, this motion could have been brought at any time after March 10, 2009, when plaintiff was given full access to the putative class list, and thereby to the putative class. It was not. It could further have been brought soon after the Court issued its ruling granting summary adjudication of the 203 and 226 claims a year ago. It was not. It could also have been brought as part of any of the three Motions for Leave to Amend plaintiff filed before the pleadings were closed. It was not. And it could have been brought as early as March 2010, six months ago, when proposed intervenor Bryan became

plaintiff's counsel's client.[1]  It was not.  This Motion to Intervene is therefore grossly untimely and should be denied.  *See United States v. State of Washington*, 1499 F.3d 1499,1503, 1504-05 (9th Cir. 1996) (denying motion to intervene, based on untimeliness and finding that intervenors had been put "on notice" of need to intervene); *United States v. Alisal Water Corp.*, 370 F.3d 915, 923-24 (9th Cir. 2004) (a "party must intervene when he 'knows or has reason to know that his interests might be adversely affected by the outcome of litigation'"); *Furey v. Executive Risk Indemnity*, 2001 WL 715732, *2 (D.Me. 2001) (ascribing notice of need to intervene to attorney representing both a party and the intervener).

Indeed, the Court will recall that plaintiff's counsel have been talking about an intervention motion for months during oral arguments and status conferences, but have done nothing.  Instead, plaintiff waited until the eve of the deadline for filing *the critical motions in this case -- motions for class certification and decertification --* to seek to intervene.  There is not only no good cause for amending the Court's Scheduling Order, all indications are that there is no cause for doing so here.  Plaintiff has failed to justify her delay, and failure to justify delay is fatal to a motion to intervene.  *See League of United Latin American*, *supra*, 131 F.3d at 1304 (9th Cir. 1997) (denying motion to intervene and finding failure to justify the reason for delay as dispositive); also cited in *Smith v. Marsh*, 194 F.3d 1045, 1052-53 (9th Cir. 1999) (same) and *EEOC v. ABM Indus. Inc.*, 2010 WL 744714, *4 (E.D.Cal. 2010) (same).

It is also important to bear in mind that the Court's scheduling order was prepared with an eye toward allowing the pleadings to be sufficiently settled in this case that the parties would have ample opportunity to prepare for class certification and decertification motions, as well as for trial.  To now seek an amendment of the

---

[1] Bryan submitted a declaration in support of plaintiff's Motion for Conditional Class Certification in the first half of April 2010, and that is the same declaration he submits here.  (Exh. B to Humphrey Decl.)  Plaintiff's counsel have refused to disclose when and from whom they received responses to their March 2010 mailout to the class on the ground that anyone who contacted them was their client (Lien Decl., ¶ 3), but Bryan likely contacted them in early April, in response to that mailout.

pleadings to add two entirely new plaintiffs and a series of brand new claims to the case throws the entire train off the tracks and by its very nature prejudices the parties', and particularly defendant's, class certification/decertification preparation and trial preparation. Since those current dates were based on the April 2010 closing of the pleadings, if intervention were to be allowed, the only fair thing to do would be to push back the other future dates in the Court's scheduling order, though that is <u>not</u> something defendant wants.

### C. Proposed Intervenors Are Not Entitled To Intervene Of Right

Federal Rule of Civil Procedure Rule 24 provides only two circumstances where a plaintiff may intervene of right. The first is where a federal statute provides an unconditional right to intervene. That circumstance is clearly not present here, nor have intervenors argued that it is.

The second is where the intervenors claim an interest that is the subject of the action and are so situated that disposing of the action may impair or impede their ability to protect their interest, unless existing parties adequately represent that interest. Fed.R.Civ.Proc. Rule 24(a)(ii). However, as discussed in Section II.A. above, plaintiffs have shown no interest that would be impaired or impeded here. They have utterly failed to demonstrate that they have any ability to pursue the very Section 203 and Section 226 claims as to which they seek to intervene. In fact, as to those issues, they stand in the same shoes that Harris does, and Harris thus adequately represents them. Indeed, proposed intervenor Biddle states in her declaration:

> "I believe that I have been a victim of the same wrongdoing as Alicia Harris, and I will be pursuing the same legal claims as those asserted in her complaint. I have reviewed the complaint filed by Ms. Harris as well as the complaint proposed to be filed on my behalf, and I believe the facts relevant to my claims against Vector are essentially the same as those alleged by Ms. Harris." Biddle Decl., ¶ 13.

There is thus no showing of an entitlement to intervention of right.

### D. Proposed Intervenors Also Fail To Meet The Requirements For Permissive Intervention

Intervenors must show two things in order to be able to obtain permissive intervention: 1) that their proposed intervention is timely (also required in establishing intervention as of right); and 2) that their intervention will not delay or prejudice the adjudication of the original parties' rights. *See League of United Latin American Citizens*, 131 F.3d at 1297 (9th Cir. 1997). Intervenors here fail on both counts, and failure as to either one disposes of their motion.

First, this motion is anything but timely. This action has been pending for two years, and plaintiff has had every opportunity during those two years to develop evidence to support the requisite elements of willfulness and knowing and intentional conduct. She has not done so. Plaintiff had full access to the putative class list over 18 months ago, and she has had ample opportunity since that time to interview class members, to take their depositions and/or to otherwise develop the required evidence. Yet even to this day, she has failed to produce a single piece of evidence of the conduct that is essential to her claim.

There can be no doubt that plaintiff and her counsel clearly knew that these were essential elements of their claim because, over a year ago, those elements were at issue in connection with defendant's Motion for Summary Judgment/Summary Adjudication. That was plaintiffs' primary time to present her evidence of willful/knowing and intentional conduct, but she failed to do so, resulting in the Court's order dismissing those claims.

Now, fully one year later, plaintiff seeks to re-litigate the Motion for Summary Adjudication by trying to insert eleventh hour intervenors into the case who will, theoretically at least, be able to pursue that claim. But even putting aside for a moment the fact that the proposed intervenor have no evidence to support their intervention, this delay has clearly been undue. Plaintiff has had two years from the

inception of this case, over a year since the summary adjudication motion was filed, and now several months since these proposed intervenors first became clients of her counsel, to seek to add them to this case. (One even signed his supporting declaration five months ago.) But she has not done so until now, on the eve of the deadlines for motions for class certification/decertification.

Indeed, plaintiff has to date filed three different Motions for Leave to Amend since the Motion for Summary Adjudication and has further amended her complaint twice by stipulation during that time. *See* Docket Nos. 68, 102, 130 and 12. At no time did she seek to amend to add these proposed plaintiffs, though she clearly could have. Now, a matter of days before the filing of pivotal motions for class certification and decertification under Rule 23 and under the FLSA, she attempts to inject those issues back into the case.

The prejudice to Vector if this eleventh hour proposed intervention is allowed will be extreme. Vector has spent the better part of two years preparing its case for the upcoming Motions for Class Certification/Decertification. For the past year, it has done so with the full expectation that the Labor Code Section 203 and 226 claims were not part of that consideration. It has not pursued the development of defenses to those claims, since they were not in the case, and it has also naturally eschewed numerous opportunities to conduct discovery, both informally and formally, on matters related to those claims.

Even more importantly, Vector has spent those two years, and many scores of hours and tens of thousands of dollars, in developing its showing that plaintiff Alicia Harris is not a suitable class representative with respect to the claims here. These efforts have gone well beyond simply taking her deposition to include secondary and tertiary levels of discovery and analysis of the facts upon which Harris relies, including interrogatories, document requests, third party subpoenas, consents, third party depositions, and hours and hours of meet and confer discussions related thereto.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

The Court will recall, for example, that there are significant issues about plaintiff's claims regarding PDI (Personal Daily Interest). She claimed in deposition that she was required to and did contact her managers on a daily basis, sometimes multiple times on a given day and did so by telephone. Yet further investigation has revealed that plaintiff had <u>zero</u> telephone calls to or from any of her managers. (Lien Decl. at ¶ 4.) There are several other aspects of plaintiff's qualifications to be a class representative that Vector has been developing evidence on and analyzing over this period of time as well, all to be presented in the class certification and decertification motions. Plaintiff's suitability as a class representative is, of course, absolutely critical to the upcoming class certification motions.

Now, at the eleventh hour, plaintiff attempts to insert two new class representatives into the case, which would render all of Vector's efforts with respect to Harris over the past two years virtually null and void. Moreover, as to these two individuals, because of the proximity of their proposed intervention to the class certification motions, there is simply no way that Vector will have the opportunity to do the necessary discovery and analysis to put itself in a position to assess their claims, including their suitability to serve as class representatives. Merely taking a deposition will not be enough to accomplish that. As was the case with Harris, it is not only her deposition, but repeated document requests, interrogatories, document subpoenas to third parties, obtaining privacy waivers and consents, third party deposition subpoenas and third party depositions and other investigation that adduced the necessary evidence. That has all taken months and months, well more than a year in fact. In addition to initiating and completing its own extensive further discovery, Vector will undoubtedly be required to respond to additional discovery propounded by plaintiff, including additional depositions of its Persons Most Knowledgeable on matters related to willfulness, knowledge and intent of the intervenors' then managers and others, should the Court grant the Motion to Intervene.

Allowing these two proposed intervenors to enter the case at this late juncture will therefore waste all of Vector's prior efforts to build its case against Harris, severely prejudicing Vector in this case. Allowing this intervention will further prejudice Vector by nullifying the considerable effort it went through on its Motion for Summary Adjudication to obtain a ruling dismissing the Section 203 and 226 claims. Finally, allowing these individuals to intervene will have a huge negative impact on Vector's Motion for Decertification and Opposition to plaintiff's Class Certification Motion, a significant portion of which is predicated on the showing that plaintiff Harris is not a suitable class representative. These facts strongly militate for denial of the motion. *Hitt v. Arizona Beverage Co., LLC*, 2009 WL 4261192, *5 (S.D.Cal. 2009) (defendant's participation in substantial discovery and motion practice would be mooted by amendment, and thus constituted undue prejudice).

All of this, of course, is over and above the fact that these intervenors have not shown that they have any evidence that merits their insertion into the case for purposes of litigating the Labor Code Section 203 and 226 claims. But even if they had such a claim, the undue delay and extreme prejudice to Vector would militate for denial of the Motion to Intervene.

### III. THIS IS TRULY A MOTION FOR LEAVE TO AMEND, AND IT SHOULD BE DENIED FOR REASONS EVEN MORE COMPELLING THAN THOSE THAT LED TO THE DENIAL OF PLAINTIFF'S THREE PRIOR MOTIONS FOR LEAVE TO AMEND

As we noted in our Preliminary Statement, this motion is really a Motion for Leave to Amend dressed in Motion to Intervene garb, but it fundamentally remains a Motion for Leave to Amend.

Plaintiff's prior Motions for Leave to Amend were filed before the Court closed the pleadings in this case in its Third Amended Case Management Order. *See* Docket No. 126. This Motion for Leave to Amend comes fully five months after that Order

was issued, and the case for denial of leave to amend is even stronger here as a result. Plaintiff must now meet the good cause requirements of Rule 16. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992); *Osakan, supra* , 2010 WL 1838701, *3 (N.D.Cal. 2010) (denying leave to add new class representatives after deadline to add parties); *Burdick*, *supra*, 2009 WL 4798873, *8 (N.D.Cal. 2009) (denying motion to intervene to add a new class representative after applying Rule 16's good cause standard of diligence of the party seeking the amendment and the prejudice to the opposing party); *Hitt*, *supra*, 2009 WL 4261192, *2, *5-6 (S.D.Cal. 2009) (denying leave to add new class representative); *see also Glass v. UBS Financial Serv., Inc.*, 2007 WL 474936, *4 (N.D.Cal. 2007) ("primary purpose of the Court's setting a deadline … is to avoid the disruption caused by motions such as the instant motion to intervene"); *Homebingo Network, Inc.*, *supra*, 2006 WL 3469515, *1 (S.D.Ala 2006) (applying Rule 16 to scrutinize motion to intervene).

The elements of a good cause showing are similar to those discussed in the preceding section, i.e. plaintiff/intervenors must show timeliness, no undue delay, and lack of prejudice. But what is different at this juncture from the situation with respect to plaintiff's past Motions for Leave to Amend is that, because good cause is now required, undue delay/lack of diligence <u>alone</u> is a sufficient basis to deny the motion. *Johnson*, *supra*, 975 F.3d at 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification ... If that party was not diligent, the inquiry should end"). For all of the reasons set forth in the preceding section, this motion is grossly untimely and has been unduly delayed. Plaintiff has not been diligent, and in the words of the Ninth Circuit, the inquiry should end there. But in addition, as just reviewed, allowing this intervention would inflict extreme prejudice on Vector and would greatly impair its defense of this case.

Moreover, as noted elsewhere in this Opposition, the entire premise upon which these intervenors base their claim that they are entitled to enter the case is a false one. They claim that it is necessary for them to intervene in this case to protect their and

the class's rights under Labor Code Sections 203 and 226. However, they have not shown that they have any rights to pursue either Section 203 or Section 226 claims. They have not shown that they possess even a scintilla of evidence that there was any willful conduct with respect to Section 203 or knowing and intentional conduct with respect to Section 226. Neither have they presented any evidence that any other putative class member has a claim under those statutes. Therefore, the entire basis upon which proposed intervenors seek to come into this case is devoid of evidentiary support and also devoid of good cause as a result. (It will not suffice for Plaintiff/ Proposed Intervenors to attempt to present such evidence on Reply or at oral argument. The motion must be tested based on the submittals first filed in support of it. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (explanation for delay in intervening raised for the first time on reply "is not an argument that we may consider here").)

In sum, stripped of all its trappings, what this attempted intervention/ amendment of the complaint is really designed to do is to nullify the efforts that Vector has gone to to develop evidence showing plaintiff Harris's unsuitability as a class representative. By injecting two new plaintiffs into the case on the very eve of the class certification motions, plaintiff and her counsel know that Vector will not have sufficient time to build the case against these intervenors that it has built against Harris. That may be a clever strategic maneuver, but it is untimely, unjustifiable and overwhelmingly prejudicial to Vector. The only basis upon which these intervenors can now enter this case is on a showing that there is good cause for amendment and on a showing that they meet the requirements for intervention. Neither showing is present here, and the motion should be denied.

## IV. CONCLUSION

For all of the reasons set forth herein and in the accompanying filings, the Motion to Intervene should be denied.

Respectfully submitted,

Dated: September 2, 2010

REED SMITH LLP

By /s/
John P. Zaimes
Roxanne M. Wilson
Attorneys for Defendant
Vector Marketing Corporation

CV 08-5198 EMC - 14 - US_ACTIVE-104442480
DEFENDANT VECTOR MARKETING CORPORATION'S MPA IN OPPOSITION TO PLAINTIFF'S MOTION TO INTERVENE
HUNTER BRYAN AND JENTILA BIDDLE AS ADDITIONAL NAMED PLAINTIFFS AND CLASS REPRESENTATIVES