**MARLIN & SALTZMAN**
Stanley D. Saltzman, Esq. (SBN 90058)
Louis M. Marlin, Esq. (SBN 54053)
Marcus J. Bradley, Esq. (SBN 174156)
Christina A. Humphrey, Esq. (SBN 226326)
29229 Canwood Street, Suite 208
Agoura Hills, California   91301
Telephone:      (818) 991-8080
Facsimile:       (818) 991-8081
ssaltzman@marlinsaltzman.com
louis.marlin@marlinsaltzman.com
mbradley@marlinsaltzman.com
chumphrey@marlinsaltzman.com

*(Additional Plaintiff's counsel on next page)*

Attorneys for Plaintiff and Proposed Class

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA HARRIS, as an individual and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>VECTOR MARKETING CORPORATION, a Pennsylvania corporation; and DOES 1 through 20, inclusive,<br><br>            Defendants. | **CASE NO. CV 08-5198 EMC**<br><br>(Assigned to Hon. Edward M. Chen)<br><br>**PLAINTIFF'S OBJECTION TO DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTIONS TO DECERTIFY FLSA COLLECTIVE ACTION AND RULE 23 CLAIMS**<br><br>DATE            October 27, 2010<br>TIME:            10:30 a.m.<br>CTRM:          C<br>JUDGE:         Hon. Edward M. Chen<br><br>Discovery Cutoff:      March 2, 2011<br>Trial Date:                June 6, 2011 |

/ / /

/ / /

/ / /

/ / /

**Additional Plaintiff's Counsel**

**DIVERSITY LAW GROUP**
Daniel H. Chang, Esq. (SBN 183803)
Craig S. Hubble, Esq. (SBN 200789)
Larry W. Lee, Esq. (SBN 228175)
444 S. Flower Street
Citigroup Center, Suite 1370
Los Angeles, California  90071
Telephone:     (213) 488-6555
Facsimile:     (213) 488-6554
dchang@diversitylaw.com
chubble@diversitylaw.com
lwlee@diversitylaw.com

**LAW OFFICES OF SHERRY JUNG**
Sherry Jung, Esq. (SBN 234406)
444 S. Flower Street
Citigroup Center, Suite 1370
Los Angeles, California  90071
Telephone:     (213) 488-6555
Facsimile:     (213) 488-6554
sherryj23@hotmail.com

Plaintiff hereby objects to Defendant's Supplemental Brief In Support of Its Motions to Decertify FLSA Collective Action and Rule 23 Claims and requests that this Court strike all extraneous argument included therein. Regrettably, Defendant has sought to capitalize on this Court's request for further briefing by injecting unsolicited and improper argument into its Supplemental Brief, thus giving itself what amounts to five bites at the same apple. Although this Court very clearly requested briefing *only* as to the discreet issue of the extent to which this Court may look to interpretations of California law set forth in DLSE opinion letters, Defendant's brief grossly exceeds this request.

Defendant's brief is littered with case law and arguments pertaining to issues well-beyond that solicited by the Court. Amazingly, in its Supplemental Brief, Defendant even manages to attack Plaintiff's adequacy as class representative! Although Defendant's request for additional briefing on other issues was expressly denied by this Court, Defendant was undeterred. Defendant still submitted whatever it wanted[1]. Accordingly, Plaintiff respectfully requests that this Court strike section II from Defendant's brief as it contains additional argument and citation to case law which was not solicited by this Court and which was therefore improperly included in Defendant's Supplemental Brief.

When stripped of its extraneous argument, it is clear that the parties agree as to the proper degree of weight to afford the DLSE opinion letters. Both Plaintiff and Defendant have submitted to this Court that, while DLSE opinion letters are not entitled to deference, Courts may nevertheless adopt the opinions and interpretation of California law espoused therein, provided that the court "independently determine" that such opinions are correct. Given that the opinion letter in question

/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] Plaintiff reminds this Court that Defendant previously filed a reply brief in support of *both* of its Motions to Decertify in direct contravention to this Court's clear directive that reply briefs were not to be filed.

1

**Plaintiff's Objection to Defendant's Supplemental Brief**
**Case No. 08-CV-5198 EMC**

embraces U.S. Supreme Court law existing since 1947, this opinion letter is particularly worthy of being looked to by this Court for guidance.

DATED:   November 1, 2010

**MARLIN & SALTZMAN**
**DIVERSITY LAW GROUP**
**LAW OFFICES OF SHERRY JUNG**

By: _____/S/_____
     Christina A. Humphrey, Esq.
     of Marlin & Saltzman
     Attorneys for Plaintiff