John P. Zaimes (SBN 91933)
jzaimes@reedsmith.com
Roxanne M. Wilson (SBN 94627)
rwilson@reedsmith.com
John H. Lien (SBN 222842)
jlien@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:   +1 213 457 8000
Facsimile:   +1 213 457 8080

Attorneys for Defendant
Vector Marketing Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA HARRIS, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>VECTOR MARKETING CORPORATION, a Pennsylvania corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | No.: CV 08-5198 EMC<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER RE 30-DAY CONTINUANCE OF RULE 23 NOTICE AND OPT-OUT DEADLINE**<br><br>Complaint Filed:   October 15, 2008<br>Trial Date:            June 6, 2011 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Plaintiff Alicia Harris ("Plaintiff" or "Harris") and Defendant Vector Marketing Corporation ("Defendant" or "Vector") enter into this joint stipulation with reference to the following facts:

## RECITALS

A. WHEREAS on November 5, 2010, the Court issued its Order Granting Plaintiff's Motion to Certify FLSA Collective Action; Denying Defendant's Motion to Decertify; Granting in Part and Denying in Part Plaintiff's Motion to Certify Rule 23 Class Action; and Granting in Part and Denying in Part Defendant's Cross-Motion to Deny Certification ("Certification Order") (Docket 375).

B. WHEREAS on November 8, 2010, Vector filed its Ex Parte Application to Stay, or, in the Alternative to Continue, Class Notice and Opt-Out Deadlines ("*Ex Parte* Application") (Docket 376).

C. WHEREAS on November 9, 2010, Plaintiff filed her Opposition to Vector's Ex Parte Application (Docket 378).

D. WHEREAS on November 10, 2010, the Court conducted a telephonic conference call to discuss: (1) irreparable harm potentially resulting from issuance of the Rule 23 class notice, including the approximate cost of mailing that class notice, and who bears the cost; and (2) what discovery would need to be deferred until after the proposed new Rule 23 opt out deadline.

E. WHEREAS the Court advised the parties that it would grant Vector's request for a 30 day continuance of the dates related to the issuance of the class notice if the parties could reach agreement regarding the maximum number of depositions Vector could take after the deadline for opt-outs and before the non-expert discovery cut-off date on March 2, 2011.

## STIPULATION

NOW, THEREFORE, it is hereby stipulated by the parties, through their respective counsel of record, as follows:

1. Vector may take not more that fifteen (15) depositions, exclusive of expert depositions, after the opt out deadline and before the non-expert discovery cut-off date of March 2, 2011.

2. The parties will submit the proposed Rule 23 class notice to the Court on or before December 1, 2010.

3. The deadline for mailing the Rule 23 class notice is continued from November 12, 2010, to December 13, 2010.

4. The deadline for the Rule 23 class members to opt out is continued from December 27, 2010, to January 27, 2011.

IT IS SO STIPULATED.

Dated: November 10, 2010        REED SMITH LLP

                                By   /S/
                                Roxanne M. Wilson
                                Attorneys for Defendant
                                VECTOR MARKETING CORPORATION

Dated: November 10, 2010        DIVERSITY LAW GROUP

                                By   /S/
                                Larry Lee
                                Attorneys for Plaintiff
                                ALICIA HARRIS

**ORDER**

Based on the above stipulation, IT IS SO ORDERED.

Dated: __November 12__, 2010    _____
                                Honorable
                                United States District

*IT IS SO ORDERED*
*Judge Edward M. Chen*
(UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA seal)