UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>VECTOR MARKETING CORPORATION,<br><br>    Defendant.<br>_____/ | No. C-08-5198 EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S (1) MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES, (2) MOTION TO COMPEL PMK DEPOSITION, AND (3) MOTION TO COMPEL FURTHER RESPONSES TO REQUEST FOR PRODUCTION**<br><br>**(Docket Nos. 393-95)** |

Having considered the argument of counsel at the hearing on January 28, 2011 and the briefing and supplemental briefing requested by the Court, and good cause appearing therefor, the Court rules as follows:

Plaintiff's motions to compel are **DENIED IN PART** as to all subject matters except for discovery related to the recruitment lists provided by trainees at the initial training. For the reasons stated on the record, the other matters (*e.g.* related to QSPs, sales, commissions, tenure) which transpired after the training is not relevant to the *DOL/Portland Terminal* analysis -- particularly the factor whether the employer derived an immediate advantage from the activities of the trainees. However, the Court does find that the generation of recruitment lists during the training could be of immediate benefit to Vector and thus may be the subject of discovery herein. Although Vector must put in efforts to convert the information from the list into actual recruitments and ultimate sales, the lists, like a customer or mailing list that may be purchased for marketing purposes, arguably have present value as soon as they are generated. Without making an ultimate decision on relevance and

admissibility at trial, there is a sufficiently plausible argument for relevance which permits discovery under Rule 26. The motion to compel is thus **GRANTED IN PART.**

Plaintiff raised at oral argument relevance of the requested discovery to the *DOL/Portland Terminal* factor whether the training is for the benefit of the trainee. After reviewing the supplemental briefing, the Court is persuaded this factor is not expansive enough to include the subsequent wages and commissions (or lack thereof) earned from the job after the training period. Instead, the primary focus of this factor appears to be the acquisition of transferrable skills by the trainee. *See e.g.* cases cited in Defendant's supplemental brief at ¶¶ 2-3.

Finally, the Court finds that the cost and alleged profit of the sample knife kits are not relevant to any of the remaining claims. The profit does not inform whether Labor Code § 450 was violated. Nor is it relevant to the remedy of restitution. As to Plaintiff's argument that under § 402 an employer may not take a deposit unless the employee is provided with property of "equivalent value," Plaintiff cites no authority establishing that such value must be determined by the wholesale price or cost rather than retail value. Moreover, it is not self evident that § 402, which addresses the acceptance of a "cash bond" from an employee, has anything to do with the § 450 claim herein.

The parties shall meet and confer immediately and agree upon the form and timing of the limited production of discovery granted herein.

This order disposes of Docket Nos. 393, 394 and 395.

IT IS SO ORDERED.

Dated: February 3, 2011

_____
EDWARD M. CHEN
United States Magistrate Judge

2