# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA HARRIS, as an individual and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>VECTOR MARKETING CORPORATION, a Pennsylvania corporation; and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | **CASE NO. CV 08-5198 EMC**<br>(Assigned to Hon. Edward M. Chen)<br><br>*AMENDED*<br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR AWARD OF ATTORNEY FEES, COSTS, AND INCENTIVE TO CLASS REPRESENTATIVE**<br><br>DATE:　August 10, 2011<br>TIME:　10:30 a.m.<br>CTRM:　5, 17th Floor<br>JUDGE:　HON. EDWARD M. CHEN |

This matter came before this Court on the Plaintiff's Motion for Final Approval of Settlement ("Final Approval Motion").

WHEREAS, a class action is pending before the Court entitled *Harris v. Vector Marketing Corporation*, Case Number CV08-5198 EMC ;

/ / /

---

WHEREAS, the Court has received and reviewed the Settlement Agreement entered into between the Named Plaintiff and the Class Members, on the one hand, and Vector Marketing Corporation ("Vector"), on the other hand (the "Settlement Agreement"), and has considered the terms of the proposed settlement set forth therein (the "Settlement");

WHEREAS, all terms contained herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein;

WHEREAS, on April 29, 2011, the Court entered its order preliminarily approving the Settlement of this class action, approving the form and method of notice, and setting a date and time for a fairness hearing to consider whether the Settlement should be finally approved by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, adequate, and reasonable (the "Preliminary Approval Order");

WHEREAS, the Preliminary Approval Order further directed that all members of the Settlement Class be given notice of the Settlement and of the date for the final fairness hearing of August 10, 2011;

WHEREAS, on June 2, 2011, the Plaintiff filed a Motion for Award of Attorneys' Fees;

WHEREAS, on July 20. 2011, the Plaintiff filed a Motion for Award of Incentive Payment;

WHEREAS, on July 20. 2011, the Plaintiff filed a Motion for Final Approval of Settlement and Award of Attorney Costs; and

WHEREAS, the Court having conducted a final fairness hearing on August 10, 2011 (the "Fairness Hearing"), and having considered the arguments presented, all papers filed and all proceedings had therein;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Court has jurisdiction over the subject matter of this action, all members of the Settlement Class, and Defendant Vector.

2. In accordance with Rule 23 of the *Federal Rules of Civil Procedure* and the requirements of due process, all members of the Settlement Class have been given proper and adequate notice of the Settlement. Based upon the evidence submitted by the parties, the Settlement Agreement, the arguments of counsel, and all the files, records and proceedings in this case, the Court finds that

the Notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law.

3. The Settlement Agreement in this action warrants final approval pursuant to Rule 23(e) of the *Federal Rules of Civil Procedure* because it is fair, adequate, and reasonable to those it affects, and resulted from vigorously contested litigation, and extensive good-faith arm's length negotiations between the parties, and is in the public interest considering the following factors:

(a) the strength of the plaintiffs' case;

(b) the risk, expense, complexity and likely duration of further litigation;

(c) the risk of maintaining class action status throughout the trial;

(d) the amount offered in settlement;

(e) the extent of discovery completed, and the stage of the proceedings;

(f) the experience and views of counsel; and

(g) the reaction of the class members to the proposed settlement.

*Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993). Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

4. The Final Approval Motion is hereby GRANTED, and the Settlement Agreement is hereby APPROVED as fair, reasonable, adequate, and in the public interest, and the terms of the Settlement Agreement are hereby determined to be fair, reasonable and adequate, for the exclusive benefit of the Class Members. The Parties are directed to consummate the Settlement Agreement in accordance with its terms.

5. The Court APPROVES payment of the Class Settlement Amount in accordance with the terms of the Settlement Agreement.

6. The Court APPROVES payment of Class Representative Incentive Award to Alicia Harris in the amount of $25,000.

7. The Court APPROVES payment of Attorneys' fees in the amount of $4,190,000.

8. The Court APPROVES payment of Plaintiff's Counsels' costs in the amount of $411,522.12.

9. The Court APPROVES payment for claims administration not to exceed $250,000 to Epiq Systems, Inc., from the Settlement Fund for administration of the settlement. This amount covers all costs incurred by Epiq since April 1, 2011, in connection with the pending settlement, as set forth in the declaration of Rachel Braun-Wnorowski, at page 6: 7 - 15. Additionally, the Court also approves payment to Epiq from the fund set aside for "Costs Incurred", in the amount of $68,111.71, as set forth in the declaration of Rachel Braun-Wnorowski, at page 6: 5 - 7.

10. The Court finds that no attorneys have asserted any attorney liens as to the Attorneys' Fees and Costs awarded by the Court.

11. The allocation plan is hereby APPROVED as fair, adequate, and reasonable. The Class Settlement Amount, Class Representative Incentive Award, and Attorneys' Fees and Costs Amount shall be distributed in accordance with the terms of the Settlement Agreement and any further orders of this Court.

12. The Litigation is DISMISSED WITH PREJUDICE and without costs to any Party, other than as specified in the Settlement Agreement and this Order.

13. Upon entry of this Order, Plaintiff and Settlement Class Members who have not opted-out of the Settlement shall be deemed to have released the Released Parties of the Released Claims, which are defined in the Settlement Agreement as any and all claims against Vector, and all related companies, subsidiaries, entities, future and former direct and indirect parents, affiliates, successors and predecessors, and all current and former employees and officers of said entities, as they are further defined in the Settlement Agreement, including all claims alleged in the Complaint.

14. Excluded from this Settlement and its Releases are those persons who have submitted valid and timely Requests for Exclusion.

15. Without affecting the finality of this Judgment in any way, this Court retains

jurisdiction over (a) implementation of the Settlement and the terms of the Settlement Agreement; (b) distribution of the Class Settlement Amount, the Class Representative Incentive Award, and the Attorneys' Fees and Costs Amount; and (c) all other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Settlement Agreement and/or the Settlement, and the administration of Claims by Settlement Class Members. The time to appeal from this Judgment shall commence upon its entry.

16. In the event that the Settlement Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated, nunc pro tunc, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiff, Settlement Class Members, and Vector.

17. This Court finds that there is no just reason for delay and expressly directs Judgment and immediate entry by the Clerk of the Court.

IT IS SO ORDERED.

DATED: _____ _____
EDWARD M. CHEN
UNITED STATES DISTRICT JUDGE