1  John P. Zaimes (SBN 91933)
jzaimes@reedsmith.com
2  Roxanne M. Wilson (SBN 94627)
rwilson@reedsmith.com
3  John H. Lien (SBN 222842)
jlien@reedsmith.com
4  REED SMITH LLP
355 South Grand Avenue, Suite 2900
5  Los Angeles, CA  90071-1514
Telephone:  +1 213 457 8000
6  Facsimile:   +1 213 457 8080

7  Attorneys for Defendant
Vector Marketing Corporation

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11  ALICIA HARRIS, as an individual and on      No.: CV 08-5198 EMC
    behalf of all others similarly situated,
12                                              **JOINT STIPULATION AND**
                 Plaintiffs,                    **[PROPOSED] ORDER RE:**
13                                              **ATTENDANCE OF PARTIES AT**
          vs.                                   **SETTLEMENT CONFERENCE**
14
    VECTOR MARKETING
15  CORPORATION, a Pennsylvania
    corporation; and DOES 1 through 20,         Complaint Filed:   October 15, 2008
16  inclusive,                                  Trial Date:        Vacated

17                 Defendants.

18

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

US_ACTIVE-107817342.1

JOINT STIPULATION AND [PROPOSED] ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   Plaintiff Alicia Harris ("Plaintiff" or "Harris") and Defendant Vector Marketing

2   Corporation ("Defendant" or "Vector") (collectively referred to as the "Parties") enter

3   into this joint stipulation with reference to the following facts:

4                                    **RECITALS**

5        WHEREAS, on March 10, 2011, the Parties entered into a settlement of class

6   action claims following a mediation with mediator Anthony Piazza;

7        WHEREAS, on March 29, 2011, Plaintiff filed a motion for preliminary

8   approval of class action settlement (*see* docket no. 450);

9        WHEREAS, on April 29, 2011, the Honorable Edward M. Chen granted

10  Plaintiff's motion for preliminary approval of the proposed class action settlement

11  (*see* docket no. 466);

12       WHEREAS, on July 20, 2011, Plaintiff filed a motion for final approval of

13  class action settlement and for an award of costs and fees (*see* docket no. 476);

14       WHEREAS, on August 10, 2011, the Honorable Edward M. Chen indicated, at

15  the hearing on Plaintiff's motion for final approval of the class action settlement, that

16  he would grant final approval of the class action settlement;

17       WHEREAS, on October 12, 2011, the Honorable Edward M. Chen issued an

18  order denying final approval of the class action settlement due to the district court's

19  interpretation of recent case law, specifically, *In re Bluetooth Headset Products*

20  *Liability Litigation*, No. 09-56683, 2011 U.S. App. LEXIS 17224 (9th Cir. Aug. 19,

21  2011) (*see* docket no. 495);

22       WHEREAS, on October 28, 2011, the parties and Judge Chen held a lengthy

23  Status Conference, during which they thoroughly explored the parameters of an

24  acceptable settlement structure;

25       WHEREAS, the Parties believe that a settlement in this action after more than

26  three years of contentious and hard fought litigation is in the best interests of the

27  Parties and, as a result, have elected to continue settlement discussions with the

28

CV 08-5198 EMC                          – 1 –                          US_ACTIVE-107817342.1

JOINT STIPULATION AND [PROPOSED] ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  assistance of Magistrate Judge Joseph C. Spero, which settlement conference is

2  currently set for December 5, 2011;

3  WHEREAS, the Parties believe that through further negotiations, any new

4  settlement of the class claims will represent a refinement, and not wholesale change,

5  to the previously agreed upon settlement; and

6  WHEREAS, given their ability to reach a settlement agreement previously and

7  the procedural posture of the pending settlement conference, the Parties do not believe

8  that the physical presence of named plaintiff Alicia N. Harris and the corporate

9  representative for Vector at the settlement conference will materially aide in the

10  resolution of the matter.

11  **STIPULATION**

12  NOW, THEREFORE, it is hereby stipulated by the Parties, through their

13  respective counsel of record, as follows:

14  1.   That named plaintiff Alicia N. Harris and the corporate representative be

15  relieved of the obligation under Magistrate Judge Spero's Notice of Settlement

16  Conference and Order Setting Settlement Conference to be physically present at the

17  settlement conference; and

18  2.   Both named plaintiff Alicia N. Harris and the corporate representative for

19  Vector will be available with unlimited settlement authority via teleconference, as

20  necessary, at all times during the pendency of the settlement conference set for

21  December 5, 2011.

22  Dated:  November 23, 2011            REED SMITH LLP

23                                      By___/S/_____
24                                        John H. Lien
                                          Attorneys for Defendant
                                          VECTOR MARKETING CORPORATION
25  Dated:  November 23, 2011            MARLIN & SALTZMAN
26
                                        By___/S/_____
27                                        Christina A. Humphrey
                                          Attorneys for Plaintiff
28                                        ALICIA HARRIS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## ORDER

Based on the above stipulation, IT IS SO ORDERED that the Court's Notice of Settlement Conference and Order Setting Settlement Conference (*see* docket no. 499) is modified to relieve named Plaintiff Alicia N. Harris and Vector's corporate representative of any personal appearance at the settlement conference set for December 5, 2011, but that both Parties shall be available via teleconference, as necessary, at all times during the pendency of the settlement conference.

Dated: November 28, 2011



Hon. _____ C. Spero
United States _____ Magistrate Judge